---

## Ex parte HART.

(Circuit Court of Appeals, Fourth Circuit. October 2, 1894.)

### No. 76.

1. INTERSTATE EXTRADITION—INFORMATION AS INDICTMENT.
   An information is not an equivalent of an indictment within Rev. St. § 5278, requiring the surrender of a fugitive from justice on demand from another state and production of an indictment or affidavit, made before a magistrate, charging the person demanded with a crime. 59 Fed. 894, reversed.

2. SAME—VERIFICATION OF INFORMATION AS AFFIDAVIT.
   Nor is the verification on belief of an information the equivalent of such an affidavit.

3. SAME—AUTHENTICATION OF AFFIDAVITS.
   Under the provision of Rev. St. § 5278, that the indictment or affidavit on which extradition is demanded shall be certified as authentic by the governor of the state making the demand, affidavits filed with the governor, requesting him to make a requisition, though made a part of the requisition papers, are not sufficient where the governor only certifies to the authenticity of an information, and makes his demand on this. 59 Fed. 894, reversed.

**4. SAME—AFFIDAVIT RECITALS IN REQUISITION.**
The mere recital in requisition papers that an indictment, duly authenticated, is annexed, is of no avail, there being no indictment attached.

**5. SAME—WARRANT OF REMOVAL—ATTACK ON HABEAS CORPUS.**
A warrant of removal issued by a governor is not supported by a conclusive presumption that the governor had before him all the necessary papers to act on, but it may be shown on habeas corpus that it is invalid by reason of the insufficiency of the requisition papers on which it was issued.

Appeal from the Circuit Court of the United States for the District of Maryland.

Application of Samuel H. Hart for discharge under writ of habeas corpus. Writ denied (59 Fed. 894), and petitioner appeals. Reversed.

William Pinkney Whyte, for appellant.
John P. Poe, for appellee.

Before GOFF and SIMONTON, Circuit Judges, and HUGHES, District Judge.

GOFF, Circuit Judge. On the 8th day of January, 1894, Samuel H. Hart filed his petition in the circuit court of the United States for the district of Maryland, alleging that he was unjustly deprived of his liberty, and illegally confined in the Baltimore city jail, charged with the crime of embezzlement, and praying that the writ of habeas corpus issue. On the same day the court directed that the writ issue, which was done, and duly served. It appears from the return thereto that the petitioner was held in custody under a warrant issued by the governor of the state of Maryland, directed to Alexander G. Matthews, agent of the state of Washington, by virtue of a requisition from the governor of the latter-named state, demanding the extradition of the petitioner as a fugitive from justice. With the return are filed copies of the requisition papers, and of the governor's warrant of removal. It appears that the governor of Washington, on the 23d day of December, 1893, caused to be issued the following:

The State of Washington. Executive Department.

The Governor of the State of Washington, to His Excellency, the Governor of the State of Maryland: Whereas, it appears by a copy of information, which is hereunto annexed, and which I certify to be authentic and duly authenticated in accordance with the laws of this state, that Samuel H. Hart stands charged with the crime of larceny by embezzlement, which I certify to be a crime under the laws of this state, committed in the county of Pierce, in this state, and it having been represented to me that he has fled from the justice of this state, and is now to be found in the state of Maryland: Now, therefore, pursuant to the provisions of the constitution and the laws of the United States in such case made and provided, I do hereby require that the said Samuel H. Hart be apprehended and delivered to A. G. Matthews, who is authorized to receive and convey him to the state of Washington, there to be dealt with according to law.

In testimony whereof, I have hereunto set my hand and caused to be affixed the seal of the state of Washington, at Olympia, this 23d day of December, in the year of our Lord one thousand eight hundred and ninety-three.

[Seal.]                      J. H. McGraw.

By the Governor: J. H. Price, Secretary of State.

The copies referred to are as follows, viz.:

To the Governor of the State of Washington: You are respectfully requested to issue a requisition upon the governor of Maryland for the apprehension and rendition of Samuel H. Hart, who stands charged by information pending in the superior court of the state of Washington in and for the county of Pierce with the crime of larceny by embezzlement, committed in Pierce county, state of Washington, but who has, since the commission of said offense, and before an arrest could be made upon process issued by said court, fled from the justice of the state of Washington, and into the state of Maryland, where I believe he may now be found. The time and circumstances of his flight, and the reasons for my belief as to where he may be found, are as follows: The said Samuel H. Hart and Frank A. Dinsmore were, on or about the 18th day of November, 1893, at the town of Buckley, county of Pierce, and state of Washington, conducting a certain banking business, the said Hart styling himself as president and the said Dinsmore styling himself as cashier, under the assumed name of the Buckley State Bank; but said banking institution was unincorporated, and the said Hart and the said Dinsmore were doing business only on their own account. That Alexander McNicol deposited with said Samuel H. Hart and the said Frank A. Dinsmore, and left with them for safe-keeping, to be returned to him upon demand and his check therefor, the sum of $502.75. That on or about the said 18th day of November, 1893, the said Samuel H. Hart and Frank A. Dinsmore left said town of Buckley for parts unknown, taking with them the money belonging to said Alexander McNicol, and the money of a large number of other depositors, to-wit, about the sum of $6,000. That after diligent search, and through the aid of the detective agency, the said Samuel H. Hart has been found and arrested in the city of Baltimore, in the state of Maryland, where he is now held, as affiant is informed, awaiting an order from the governor of this state for his return upon extradition to answer for the crime committed as aforesaid. In my opinion, the ends of justice require that he be brought back to this state for trial; that the facts stated in the information are true, and that the prosecution of said Samuel H. Hart would in all probability result in his conviction of the crime charged. I herewith present a duly-certified copy of the original information now on file in the office of the clerk of the superior court of said Pierce county. The requisition asked for said fugitive is not sought for the purpose of collecting a debt or enforcing a civil remedy, or to answer any other private end whatever, nor shall the criminal proceedings, when such offender is arrested, be used for any of said purposes.

Dated at Tacoma, Washington, December 23rd, 1893.

Alexander McNicol.

State of Washington, County of Pierce—ss.: I, Alexander McNicol, being first duly sworn, say that the facts set out in the foregoing application are true, as I verily believe. Alexander McNicol.

Subscribed and sworn to before me this 23rd day of December, 1893.

[Seal.]                                         W. A. Ryan,
Clerk of Superior Court of Pierce County, Washington.

To the Governor: Having carefully examined the foregoing application and accompanying papers, I hereby approve the same, and in my opinion it would be proper for you to issue the requisition asked for. I nominate Alexander G. Matthews, sheriff of Pierce, Washington, as a proper person to be appointed and commissioned by you as the agent of the state of Washington to receive the said fugitive when he shall be apprehended, and bring him to this state, and deliver him into the custody of the sheriff of said county. W. H. Snell, Prosecuting Attorney.

### Copy of Act.

Larceny by Embezzlement. If any agent, clerk, officer, servant, or person to whom any money or other property shall be intrusted, with or without hire, shall fraudulently convert to his own use, or shall fail to account to the person so intrusting it to him, he shall be deemed guilty of larceny, and on

conviction thereof shall be imprisoned in the penitentiary not more than ten years nor less than one year, or be imprisoned in the county jail·for any length of time not exceeding one year.

In the Superior Court of the State of Washington, in and for the County of Pierce.

The State of Washington vs. Samuel H. Hart, Frank A. Dinsmore.

Information.

Samuel H. Hart and Frank A. Dinsmore are accused by the prosecuting attorney of the county of Pierce, state of Washington, by this information, of the crime of larceny by embezzlement, committed as follows: The said Samuel H. Hart and Frank A. Dinsmore, on or about the eighteenth day of November, eighteen hundred and ninety-three, at the county of Pierce, and state of Washington, and within one year prior to the filing of this information, then and there being persons to whom was intrusted by one Alexander McNicol, in said county of Pierce, and state of Washington, with certain lawful money of the United States, to wit, the sum of five hundred and two dollars, of the value of five hundred and two dollars, and the said Samuel H. Hart and Frank A. Dinsmore then and there having possession of said money, the property of said Alexander McNicol, by reason of said money being so intrusted to them by the said Alexander McNicol, did unlawfully, wrongfully, and feloniously and fraudulently convert the said money, to wit, the said sum of five hundred and two dollars, to their own use, and did unlawfully, fraudulently, and feloniously fail to account to the said Alexander McNicol therefor, with the intent then and there to defraud, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Washington.

W. H. Snell, Prosecuting Attorney.

State of Washington, County of Pierce—ss.: W. H. Snell, prosecuting attorney, being duly sworn, upon oath says that he has read the foregoing information, knows the contents thereof, and believes the same to be true.

W. H. Snell.

Subscribed and sworn before me, the 22d day of December, A. D. 1893. [Seal.]                    Chas. Bedford, Notary Public.

Residence: Tacoma, Washington.

Indorsed:                    No. 7,858.

In the Superior Court of the State of Washington, in and for Pierce County.

The State of Washington vs. Samuel H. Hart and Frank A. Dinsmore.

Information.  Crime Charged: Larceny by Embezzlement.

Names of witnesses examined and known at the time of filing the foregoing information: Alexander McNicol, James McNeeley, Forest France, James. Gallagher, Wm. Fettig, W. D. Jones, John McKinnell, Thomas. McNeeley, Wm. Campinskey.

Filed Dec. 23, 1893.                    W. A. Ryan, Clerk,
                             By H. Johnston, Deputy.

State of Washington, Plaintiff, vs. Samuel H. Hart and Frank A. Dinsmore. Defendants.  Certificate.

State of Washington, County of Pierce—ss.: I, W. A. Ryan, county clerk, and clerk of the superior court of the state of Washington, for the county of Pierce, holding terms at Tacoma, in said county, do hereby certify that the annexed is a full, true, and correct copy of the information in the above-entitled action, now on file in this office.

Witness my hand and the seal of the said superior court this 23rd day of December, 1893.

[Seal]                    W. A. Ryan, County Clerk.

In the Superior Court, State of Washington, in and for the County of Pierce.

State of Washington vs. Samuel H. Hart and Frank A. Dinsmore.  Order.

Now, on this 23rd day of December, 1893, it appearing to the court that William H. Snell, Esq., prosecuting attorney in and for said county of Pierce,

has filed an information in said court, charging the said Samuel H. Hart and Frank A. Dinsmore with the crime of larceny by embezzlement: It is hereby ordered that a warrant issue by the clerk of this court for the arrest of the said Samuel H. Hart and Frank A. Dinsmore.

Emmett N. Parker, Judge.

Filed Dec. 23, 1893. W. A. Ryan, Clerk.

State of Washington vs. Samuel H. Hart and Frank A. Dinsmore. Certificate.

State of Washington, County of Pierce—ss.: I, W. A. Ryan, county clerk, and clerk of the superior court of the state of Washington for the county of Pierce, holding terms at Tacoma, in said county, do hereby certify that the annexed is a full, true, and correct copy of the original order for a warrant to issue for the arrest of the above-named defendants in the above-entitled action now on record in this office.

Witness my hand and the seal of the said superior court this 23rd day of December. 1893.

[Seal.] W. A. Ryan, County Clerk.

No. 7,858.

In the Superior Court of the State of Washington, for the County of Pierce, Holding Terms at Tacoma.

State of Washington, County of Pierce—ss.

The State of Washington vs. Samuel H. Hart and Frank A. Dinsmore.

Warrant.

The State of Washington, to the Sheriff of Pierce County, State of Washington,Greeting: Whereas Samuel H. Hart and Frank A. Dinsmore, having been duly informed against by W. H. Snell, prosecuting attorney of Pierce county, Washington, in the superior court of the state of Washington for the county of Pierce, holding terms at Tacoma, charging the said Samuel H. Hart and Frank A. Dinsmore with the crime of larceny by embezzlement, all of which appears to us of record: Now, this is to command you, the said sheriff, to take the said Samuel H. Hart and Frank A. Dinsmore, and them, the said Samuel H. Hart and Frank A. Dinsmore, safely keep and have him forthwith in this court, there to answer the said charge, and abide such further order as the court may make in the premises. Herein fail not.

Witness the Honorable Emmett N. Parker, judge of the said superior court, and the seal of said court, this 23d day of December, A. D. 1893.

[Official Seal.] W. A. Ryan,

County Clerk and Clerk of the Superior Court.

State of Washington, County of Pierce—ss.: I, Alexander Matthews, do hereby return this warrant not served, for the reason that the within named Samuel H. Hart and Frank A. Dinsmore are not found within the state of Washington.

Witness my hand this 23d day of December, 1893.

A. G. Matthews, Sheriff Pierce County, State of Washington.

No. 7,858.

State of Washington, Plaintiff, vs. Samuel H. Hart and Frank A. Dinsmore, Defendants. Certificate.

State of Washington, County of Pierce—ss.: I, W. A. Ryan, county clerk, and clerk of the superior court of the state of Washington for the county of Pierce, holding terms at Tacoma, in said county, do hereby certify that the annexed is a full, true, and correct copy of the warrant for the arrest of above-named defendants and return of sheriff thereon in the above-entitled action, now on file in this office.

Witness my hand and the seal of the said superior court this 23d day of December, 1893.

[Seal.] W. A. Ryan, County Clerk.

It also appears that the governor of the state of Washington, on the 27th day of December, 1893, issued his second requisition, as follows, viz.:

The State of Washington. Executive Department.

The Governor of the State of Washington to His Excellency the Governor of the State of Maryland: Whereas, it appears by a copy of indictment which is hereunto annexed, and which I certify to be authentic and duly authenticated in accordance with the laws of this state, that Samuel H. Hart stands charged with the crime of larceny by embezzlement, which I certify to be a crime under the laws of this state, committed in the county of Pierce, in this state, and it having been represented to me that he has fled from the justice of this state, and is now to be found in the state of Maryland: Now, therefore, pursuant to the provisions of the constitution and the laws of the United States in such case made and provided, I do hereby require that the said Samuel H. Hart be apprehended and delivered to Alexander G. Matthews. who is authorized to receive and convey         to the state of Washington, there to be dealt with according to law.

In testimony whereof I have hereunto set my hand and caused to be affixed the seal of the state of Washington, at Olympia, this 27 day of December, in the year of our Lord one thousand eight hundred and ninety-three.

[Seal.]                                              J. H. McGraw.

By the Governor: J. H. Price, Secretary of State.

This requisition was founded on the following papers, copies of which accompanied it, as follows:

To the Governor of the State of Washington: You are respectfully requested to issue a requisition upon the Governor of Maryland for the apprehension and rendition of Samuel H. Hart, who stands charged by information pending in the superior court of the state of Washington in and for the county of Pierce with the crime of larceny by embezzlement, committed in Pierce county, state of Washington, but who, since the commission of said offense, and before an arrest could be made upon process issued by the court, fled from the justice of the state of Washington, and into the state of Maryland, where I believe he may now be found. The time and circumstances of his flight, and the reasons for my belief as to where he may be found, are as follows: That the said Samuel H. Hart and one Frank A. Dinsmore were, on or about the 31st day of October, 1893, at the town of Buckley, county of Pierce, and state of Washington, conducting a certain banking business, the said Hart styling himself as president and the said Dinsmore styling himself as cashier under the assumed name of the Buckley State Bank. but said banking institution was unincorporated, and the said Hart and the said Dinsmore were doing business only on their own account. That Reese, Crandall & Redman, a corporation duly organized and doing business under and by virtue of the laws of the state of Washington, deposited with the said Samuel H. Hart and Frank A. Dinsmore, and left with them for collection, a one-day sight draft upon W. L. Barker & Company, a copartnership doing business in said town of Buckley, for the sum of eighty-nine dollars and twenty-eight cents ($89.28). That the said draft was collected by the said Samuel H. Hart on or about the 31st day of October, 1893, but was never accounted for by said Hart to said Reese, Crandall & Redman. That on or about the 18th day of November, 1893, the said Samuel H. Hart left said town of Buckley for parts unknown, taking with him the money belonging to said Reese. Crandall & Redman, collected by him as above set forth. and taking with him also the money of a large number of others who had intrusted him with funds, to wit, the sum in excess of six thousand dollars. That after diligent search, and through the aid of a detective agency, the said Samuel H. Hart has been found and arrested in the city of Baltimore, in the state of Maryland, where he is now held, as affiant is informed, awaiting an order from the governor of this state for his return upon extradition to answer for the crime committed as aforesaid. In my opinion, the ends of justice require that he be brought back to this state for trial; that the facts stated in the information are true; and that the prosecution of said Samuel H. Hart would in all probability result in his conviction of the crime charged. I herewith present a duly-certified copy of the original information now on file in the office of the

clerk of the superior court of said Pierce county. The requisition asked for said fugitive is not sought for the purpose of collecting a debt, or enforcing a civil remedy, or to answer any other private end whatever, nor shall the criminal proceedings, when such offender is arrested, be used for any of said purposes.

Dated at Tacoma, Washington, December 27th, 1893.

Clem T. Reese.

State of Washington, County of Pierce—ss.: I, Clem T. Reese, being first duly sworn, say that the facts set out in the foregoing application are true, as I verily believe.

Clem T. Reese.

Subscribed and sworn to before me this 27th day of December, 1893.

W. A. Ryan, Clerk of Superior Court of Pierce County, Washington.

To the Governor: Having carefully examined the foregoing application and accompanying papers, I hereby approve the same, and in my opinion it would be proper for you to issue the requisition asked for. I nominate Alexander G. Matthews, sheriff of Pierce county, Washington, as a proper person to be appointed and commissioned by you as the agent of state of Washington to receive the said fugitive when he shall be apprehended, and bring him to this state, and deliver him into the custody of the sheriff of said county.

W. H. Snell, Prosecuting Attorney.

### Copy of Act.

If any agent, clerk, officer, servant or person to whom any money or other property shall be entrusted, with or without hire, shall fraudulently convert to his own use or shall take and secrete the same with intent fraudulently to convert the same to his own use, or shall fail to account to the person so entrusting it to him, he shall be deemed guilty of larceny, and on conviction thereof shall be imprisoned in the penitentiary not more than ten years nor less than one year, or be imprisoned in the county jail for any length of time not exceeding one year.

In the Superior Court of the State of Washington, in and for the County of Pierce.

The State of Washington vs. Samuel H. Hart.    Information.

Samuel H. Hart is accused by the prosecuting attorney of the county of Pierce, state of Washington, by this information, of the crime of larceny by embezzlement, committed as follows: The said Samuel H. Hart, on or about the eighteenth day of November, eighteen hundred and ninety-three, at the county of Pierce, and state of Washington, and within one year prior to the filing of this information, being then and there the agent and servant for hire of Reese, Crandall & Redman, a corporation organized and doing business under and by virtue of the laws of the state of Washington, and as such agent and servant was then and there intrusted by the said Reese, Crandall & Redman with the care and safe-keeping of certain moneys and funds of the said Reese, Crandall & Redman, to wit, the sum of eighty-nine dollars and twenty-eight cents, lawful money of the United States, of the value of eighty-nine dollars and twenty-eight cents, and did then and there unlawfully, wrongfully, fraudulently, and feloniously abstract, misapply, and convert the said money to his own use, and did fail to account to the said Reese, Crandall & Redman therefor, with intent to defraud, which said money was then and there in the possession of the said Samuel H. Hart, and had been received by the said Samuel H. Hart by virtue of his said relations as agent and servant for hire of the said Reese, Crandall & Redman, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Washington.

W. H. Snell, Prosecuting Attorney.

State of Washington, County of Pierce—ss.: W. H. Snell, prosecuting attorney, being duly sworn, upon oath says that he has read the foregoing information, knows the contents thereof, and believes the same to be true.

W. H. Snell.

Subscribed and sworn before me, this 27th day of December, A. D. 1893.

[Official Seal.]                                                    W. A. Ryan,
County Clerk, and Clerk of the Superior Court for Pierce County, State of Washington.

Filed Dec. 27, 1893.                                        W. A. Ryan, Clerk.

State of Washington vs. Samuel H. Hart.    Certificate.

State of Washington, County of Pierce—ss.:  I, W. A. Ryan, county clerk, and clerk of the superior court of the state of Washington for the county of Pierce, holding terms at Tacoma, in said county, do hereby certify that the annexed is a full, true, and correct copy of the information in the above-entitled action, now on file and record in this office.

Witness my hand and the seal of the said superior court this 27th day of December, 1893.

[Seal.]                                                    W. A. Ryan,
County Clerk, and Clerk of the Superior Court for Pierce County, State of Washington.

In the Superior Court of Pierce County, State of Washington.

State of Washington vs. Samuel H. Hart, Defendant.    Order.

Now, on this 27th day of December, 1893, information having been filed in said court charging said Samuel H. Hart, defendant herein, with the crime of larceny by embezzlement, it is hereby ordered that warrant issue for the arrest of said Samuel H. Hart, that he may be brought into court to answer said charge.                                        John C. Stallcup, Judge.

State of Washington vs. Samuel H. Hart.    Certificate.

State of Washington, County of Pierce—ss.:   I, W. A. Ryan, county clerk, and clerk of the superior court of the state of Washington for the county of Pierce, holding terms at Tacoma, in said county, do hereby certify that the annexed is a full, true, and correct copy of the order to issue warrant in the above-entitled action, now on record in this office.

Witness my hand and the seal of the said superior court, this 27th day of December, 1893.

[Seal.]                                                    W. A. Ryan,
County Clerk, and Clerk of the Superior Court for Pierce County, State of Washington.

No. 7,859.

In the Superior Court of the State of Washington, for the County of Pierce. Holding Terms at Tacoma.

State of Washington, County of Pierce—ss.

The State of Washington vs. Samuel H. Hart.    Warrant.

The State of Washington to the Sheriff of Pierce County, State of Washington, Greeting:   Whereas Samuel H. Hart, having been duly informed against by Wm. H. Snell, prosecuting attorney of Pierce county, Washington, in the superior court of the state of Washington for the county of Pierce, holding terms at Tacoma, charging the said Samuel H. Hart with the crime of larceny by embezzlement, all of which appears to us of record: Now this is to command you, the said sheriff, to take the said Samuel H. Hart, and him, the said Samuel H. Hart, safely keep, and have him forthwith in this court, there to answer the said charge, and abide such further order as the court may make in the premises.   Herein fail not.

Witness the Honorable John C. Stallcup, judge of the said superior court, and the seal of said court, this 27th day of December, A. D. 1893.

[Seal.]                                                    W. A. Ryan,
County Clerk, and Clerk of the Superior Court.

Indorsed:                        No. 7,859.

In the Superior Court of the State of Washington for Pierce County.

State of Washington vs. Samuel H. Hart.    Warrant.

State of Washington, County of Pierce—ss.: I, A. G. Matthews, sheriff of Pierce county, state of Washington, do hereby certify that the within war-

rant came into my hands on the 27th day of December, 1893, and after due and diligent search I have been unable to find the said Samuel H. Hart in Pierce county, state of Washington, and I am informed he has fled to the state of Maryland. A. G. Matthews, Sheriff.

By A. P. Patterson, Deputy.

Dated at Tacoma this 27th day of December, 1893.

The governor of the state of Maryland, after due consideration of said papers, issued the warrant of removal, of which the following is a copy, viz.:

### State of Maryland. Executive Department.

To Alexander G. Matthews, Agent of the State of Washington: Whereas, demand has been made upon the governor of the state of Maryland by his excellency, John H. McGraw, governor of the state of Washington, for the apprehension and delivery of Samuel H. Hart, now alleged to be within the jurisdiction of this state as a fugitive from the justice of the said state of Washington, as defined by the constitution and laws of the United States; and whereas, such demand is accompanied by a copy of information and affidavits, charging such alleged fugitive with larceny by embezzlement, a crime under the laws of the said state of Washington, and the accompanying papers being certified as authentic by the governor of the said state: Now, therefore, I, Frank Brown, governor of the state of Maryland, do, by this, my warrant, authorize and empower you, if such fugitive be not held in custody or under bail to answer any offense against the laws of the United States or of this state, forthwith to take and transport the said Samuel H. Hart to the line of this state, at your own expense. And I do hereby require all peace officers to whom this warrant may be shown to afford you all needful assistance in the execution hereof at your own cost and charge.

Given under my hand and the great seal of the state of Maryland. Done at the city of Annapolis, on this eighth day of January, in the year of our Lord one thousand eight hundred and ninety-four.

[Great Seal.] Frank Brown.

By the Governor: Wm. T. Brantly, Secretary of State.

The circuit court of the United States for the district of Maryland, having considered petitioner's application for discharge under the writ of habeas corpus, entered the following order, viz.:

The court having heard Hon. Wm. Pinkney Whyte, counsel for the petitioner, and Hon. John P. Poe, attorney general of the state of Maryland, against the discharge of the petitioner, it is ordered this 15th day of January, 1894, that the petitioner be remanded to the custody of the warden of the Baltimore city jail, to be delivered by him to A. G. Matthews, the agent of the state of Washington, in pursuance of the warrant of the governor of the state of Maryland; and, the petitioner having given notice of an appeal from the foregoing order of court, it is now further ordered that the warden of the Baltimore city jail hold the petitioner in custody until the further order of this court.

On the 16th day of January, 1894, said Hart filed his petition for appeal, with assignment of errors, when the following order was entered, viz.:

The judge of the circuit court of the United States for the district aforesaid having rendered a final decision in said case dismissing said writ and remanding said petitioner, and said petitioner having prayed that an appeal be taken in his behalf to the next United States circuit court of appeals for the fourth circuit, in which said cause may be heard in accordance with the statute in that behalf enacted, after argument had, it is considered and ordered that an appeal be, and the same is hereby, allowed upon the following terms, and under the following regulations: That the said Samuel H. Hart be taken into the custody of the United States marshal for the district of Maryland, to be by him safely kept, and that the said Samuel H. Hart do execute and deliver a good and sufficient bond in the sum of five thousand

dollars, with security to be approved by the judge of the circuit court aforesaid, which said bond, when approved, shall be filed with the clerk of the said circuit court, and shall be conditioned as follows:   That the said Samuel H. Hart do deliver himself up to the said marshal, and do appear before the said United States, circuit court of appeals, whenever and wherever ordered by this court or by the said United States circuit court of appeals, and do then and there abide by and perform the judgment of the United States circuit court of appeals, in the premises; and that the said Samuel H. Hart do cause to be sent to the said appellate tribunal a transcript of the petition, writ of habeas corpus, return thereto, and all other proceedings and documents and affidavits in said cause immediately; and that upon the execution and approval of said bond, as aforesaid, and the tender of the same, the said Samuel H. Hart be discharged from the custody of the marshal aforesaid, and allowed to go free, subject to the terms of this order or the final decision of the said appellate court.

The amount of the bond was afterwards, on motion of petitioner, reduced by this court to $3,000.   The bond, with approved security, was then given, and the petitioner discharged from arrest, subject to the terms of said order.   The governor of the state of Washington, in making the demands upon the governor of the state of Maryland, before mentioned and described, acted under the authority of sections 5278 and 5279 of the Revised Statutes of the United States, which provide:

Sec. 5278.   Whenever the executive authority of any state or territory demands any person as a fugitive from justice of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found or affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled, to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear.   If no such agent appears within six months from the time of the arrest, the prisoner may be discharged.   All costs or expenses incurred in the apprehending, securing, and transmitting such fugitive to the state or territory making such demand shall be paid by such state or territory.

Sec. 5279.   Any agent, so appointed, who receives the fugitive into his custody, shall be empowered to transport him to the state or territory from which he has fled, and every person who, by force, sets at liberty or rescues the fugitive from such agent while so transporting him, shall be fined not more than five hundred dollars or imprisoned not more than one year.

By virtue of this legislation it was the duty of the governor of the state of Maryland to cause the arrest of Hart, and his delivery to the agent designated to receive him, provided it appeared from the papers transmitted by the governor of the state of Washington that the demand made for the surrender of the fugitive was accompanied by a copy of an indictment found, or affidavit made before a magistrate, charging him with having committed treason, felony, or other crime within said state of Washington; the same being certified as authentic, and it also being shown that the party so charged was a fugitive from justice, and within the jurisdiction of the state of Maryland.   Were these essential provisions of the law complied with?   The removal of a citizen from one state to another as a fugitive from justice is a matter of great importance,

and worthy of serious consideration, yet always to be ordered when a proper case is made. Such action is based upon article 4, § 2, of the constitution of the United States, and the laws enacted to enable the same to be executed. The provision referred to will be strictly construed, and all the requirements of the statute must be respected. In this case, does it appear that the papers transmitted and certified to by the governor of the state of Washington were of the character required for the purpose of securing the warrant of arrest and extradition? The first requisition, dated December 23, 1893, recites that it appears by a copy of an "information," which is annexed, and certified to be authentic, that the petitioner stands charged with the crime of larceny by embezzlement. We do not consider this a compliance with the act of congress, which we think requires the copy of an indictment found by a grand jury, and not the copy of an information filed by the attorney for the state. An information cannot be regarded as a substitute for an indictment where the latter is required in the legislation now under consideration. While it is in the power of the states to provide for the prosecution and punishment of all manner of crime by information, and without indictment by a grand jury (as was held by the supreme court of the United States in Hurtado v. California, 110 U. S. 516, 4 Sup. Ct. 111, 292), still, if they wish to rely upon the provisions of the constitution and laws of the United States relating to fugitives from justice, they must strictly observe and respect the conditions of the same. The indictment had in mind by those who framed the constitution and enacted the statute referred to was "a written accusation of one or more persons of a crime or misdemeanor preferred to and presented upon oath by a grand jury." 4 Bl. Comm. 299-302. The supreme court of the United States has recently described an indictment, as that word is used in the constitution, as "the presentation to the proper court, under oath, by a grand jury, duly impaneled, of a charge describing an offense against the law for which the party charged may be punished." Ex parte Bain, 121 U. S. 1, 7 Sup. Ct. 781. In this first requisition the copy of the information is all that is certified to be authentic. Holding, as we do, that the information cannot be considered as the equivalent of an indictment, we will now examine the argument of counsel for the state of Washington that the verification of the information will be regarded as such an affidavit as is required by the law. The information is verified by the prosecuting attorney, who swears that he believes the contents thereof to be true, not that they are true. This is not such charging of the commission of a crime before a magistrate of the state as is contemplated by the statute. For the purposes of an affidavit to be used for the arrest and removal of fugitive from justice, this is not sufficient. The affidavit required in such cases should set forth the facts and circumstances relied on to prove the crime, under the oath or affirmation of some person familiar with them, whose knowledge relative thereto justifies the testimony as to their truthfulness, and should not be the mere verification of a court paper by a public official, who makes no claim to personal information as

to the subject-matter of the same. Ex parte Smith, 3 McLean, 121, Fed. Case No. 12,968; In re Doo Woon, 18 Fed. 898; Ex parte Morgan, 20 Fed. 298. By requiring such an affidavit, the liberty of the citizen is, to a great extent, protected, and the executive upon whom the demand is made is thereby enabled to determine if there is cause to believe that a crime has been committed. To authorize the removal of a citizen of Maryland to the state of Washington for trial on a charge of crime something more than the oath of a party unfamiliar with the facts that he believes the allegations of an information to be true should be required, and is demanded by the law. To hold otherwise would enable irresponsible and designing parties to make false charges with impunity against those who may be the subjects of their enmity, and permit them, after they have caused public officials to believe their representations, to secure the arrest, imprisonment, and removal of innocent persons on papers regular in character, but without merit and fraudulent in fact. It will be observed in this connection that the affidavits of Alexander McNicol, dated December 23, 1893, and of Clem T. Reese, dated December 27, 1893, filed with the governor of the state of Washington, and by him sent to the governor of the state of Maryland, are not considered, because, among other reasons, they are not recited in nor used to obtain the warrants for extradition, and are not certified to be authentic, in either of the warrants so issued. They cannot, therefore, be regarded as affidavits, under the section authorizing the warrant of removal; and, in the view that we take of this case, it will not be necessary for us to examine the questions whether an offense has in fact been committed, and, if the petitioner is a fugitive from justice, on which points it is insisted that said affidavits can be considered.

The governor of the state of Washington evidently reached the conclusion that the requisition made by him on the 23d of December, 1893, was defective, for we find that he caused another to be issued on the 27th day of December, 1893, in which it is recited that "it appears by a copy of indictment, which is herewith annexed, and which I certify to be authentic and duly authenticated in accordance with the laws of this state, that Samuel H. Hart stands charged with the crime of larceny by embezzlement," etc. On examination of the papers annexed, we find that no such copy of indictment is attached, but that the copy of an information filed by the prosecuting attorney on the 27th day of December, 1893, against said Hart, is filed with and made part of the papers with the requisition. The absence of the copy of the indictment is fatal to the validity of the warrant, which does not pretend to be founded on the copy of information nor of affidavit, but of the indictment alone. The copy of the information does not support the requisition, and, if it did, for the reasons heretofore given, would not be sufficient.

The claim that the act of the governor of a state in issuing his warrant of removal is conclusive, and that the presumption is he had the necessary papers, duly authenticated, before him, when he acted, cannot be assented to. The act of the governor can be

reviewed, and, if he has not followed the directions and observed the conditions of the constitution and laws of the United States, pertinent to such matters, can be set aside as void. The highest as well as the most obscure official must respect the requirements of the constitution and the laws made thereunder. The acts of the executive are subject to review by the courts by means of the writ of habeas corpus. It is not now necessary to cite authorities on this question, nor to recall incidents in English history, showing that this writ will issue, no matter how obscure the prisoner, nor how great the power of the official who detains him. We find that the requisitions issued by the governor of the state of Washington did not comply with the law, and that the governor of the state of Maryland was not furnished with a copy of either an indictment or affidavit, made as required by section 5278 of the Revised Statutes of the United States, and consequently we hold that the warrant of removal is void.

The judgment of the circuit court will be reversed, and the petitioner will be discharged from arrest.