## EX PARTE THOMAS F. LEWIS.

### No. 3336.   Decided November 18, 1914.

**1.—Extradition—Information—Certified Copy of Affidavit or Indictment.**

The Act of Congress provides that where a party has fled from the demanding State to the asylum State, in order to secure his extradition, there must accompany the requisition a certified copy of an affidavit or indictment, as the case may be, charging him with a violation of law, and a certified copy of an information is not sufficient.  Overruling Ex parte Bergman, 60 Texas Crim. Rep., 8.  Following Ex parte Cheatham, 50 Texas Crim. Rep., 51, and other cases.  Prendergast, Presiding Judge, expressing no opinion.

**2.—Same—Federal Law Supreme—Fugitives from Justice.**

The Federal authorities are supreme in the matter of extradition in regard to fugitives from justice from one State to another, by express authority of the Constitution of the United States, and the comity between States can not override the plain provision of the Act of Congress.

**3.—Same—Information—Affidavit—Indictment.**

Under the Extradition Act of Congress, an information filed by the prosecuting officer does not take the place of an indictment or affidavit and does not form a sufficient basis for extradition.  Following Ex parte Hart, 63 Fed. Rep., 249, and other cases.

**4.—Same—Case Stated—Basis of Extradition.**

Where, upon extradition proceedings, the record showed on appeal that relator was convicted of a misdemeanor in the State of Louisiana and thereafter came to Texas where he was arrested on an extradition requisition.  Held, that a certified copy of the information filed in the courts of Louisiana was not a sufficient basis for extradition.  Following Roberts v. Riley, 116 U. S., 80, and other cases.  Prendergast, Presiding Judge, expressing no opinion.

Appeal from the District Court of Bexar.   Tried below before the Hon. W. S. Anderson.

Appeal from an extradition proceeding denying relator's petition to discharge him for want of proper certified copies of affidavits or indictment.

The opinion states the case.

*Chambers & Watson,* for relator.—On question of proper basis for extradition proceedings:  Ex parte Roland, 35 Texas Crim. Rep., 108, and cases cited in opinion.

The right of extradition depends upon provisions of Federal Constitution and Federal law:  Ex parte Morgan, 20 Fed. Rep., 298, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited Ex parte Stanley, 25 Texas Crim. App., 372; Hibler v. State, 43 Texas, 197; Ex parte Pearce, 32 Texas Crim. Rep., 301; Ex parte Bergman, 60 Texas Crim. Rep., 8, 130 S. W. Rep., 174.

DAVIDSON, JUDGE.—This is a habeas corpus proceeding arising out of the arrest of relator on extradition warrant issued by the Governor of Texas on the request of the Governor of Louisiana.

Without going into a detailed statement of the evidence adduced on the trial under the writ of habeas corpus, the substance of it is, that relator was convicted of a misdemeanor in Lake Charles, Louisiana, and came to Texas. An extradition requisition was honored by the Governor of Texas and relator was taken in custody. Accompanying these papers was a certified copy of the information filed in Lake Charles, but there is no certified copy of an affidavit or indictment accompanying the papers, at least none in the record. In this attitude relator's contention is that the trial court erred in remanding him to custody to be extradited to Louisiana. The Act of Congress provides that where a party has fled from the demanding State to the asylum State, in order to secure his extradition there must accompany the requisition a certified copy of an affidavit or indictment, as the case may be, charging him with a violation of law. This has been decided in numerous cases to be a sine qua non for his arrest and return to the demanding State. So far as we are aware all the decisions so hold, unless it be Ex parte Bergman, 60 Texas Crim. Rep., 8. That case seems to be nearly identical with the present case. That opinion shows that there was an information accompanying the requisition, and also it was made to appear the party had been convicted. That case also arose in Louisiana, at Shreveport. In Roberts v. Riley, 116 U. S., 80, the Supreme Court of the United States laid down the rule and declared the law to be that it was a prerequisite to the extradition of a party that the requisition papers be accompanied by a certified copy of the affidavit or indictment as required by the Act of Congress, otherwise his arrest, detention and extradition was unwarranted. This has been followed, so far as the writer has been able to observe, in the cases, Federal and State, but whether the State courts have held otherwise or not, we take it, would be immaterial, as the Supreme Court of the United States constitutes the final authority in passing upon the matters involved in extraditions under the Act of Congress. In all of the notes to reported cases that we have been able to find, where the matter has been referred to, the case of Ex parte Hart, 63 Fed. Rep., 249, has been cited as authority prescribing rules for the necessary steps in order to secure the extradition of a party, in so far as necessary papers are concerned. That case is also found reported in 28 L. R. A., 801, where notes are found annotated by the reporter. The same rule was laid down in Ex parte Spears, 88 Cal., 640. The rule was recognized in Ex parte Doo Woon, 18 Fed. Rep., 899, and in Compton v. Alabama, 214 U. S., 1; same case, 58 U. S. L. E., 885-886. The same rule was recognized and followed in Ex parte Cheatham, 50 Texas Crim. Rep., 51, and in Rowland v. State, 35 Texas Crim. Rep., 108. In fact that rule has been followed, so far as Texas is concerned, in the history of its jurisprudence, unless it be in Ex parte Bergman, supra, since Thornton v. State, 9 Texas, 635. The Thornton case has been cited approvingly in the Federal decisions.

We believe the rule laid down in Cheatham case, supra, in Roberts v. Riley, supra, in Ex parte Hart, supra, and all the other cases referred

322		75 TEXAS CRIMINAL REPORTS.		[*November,*

to, lays down the correct rule, and that the Bergman case in 60 Texas Crim. Rep., 8, is a departure from the rule and antagonistic to the Act of Congress, and should be overruled, and is hereby overruled in so far as it conflicts with this and cited cases. The question of comity between the States can not override the plain provisions of the Act of Congress. The Federal authorities are supreme in the matter of extradition in regard to fugitives from one State to the other by express authority of the Federal Constitution. The States of the Federal Union, in their sovereign capacity, delegated this authority to the Federal government, and wisely. But be that as it may, they conferred that authority upon the Federal government, and by doing so made the Act of the Congress of the United States supreme, and the States have no authority to ignore or set aside this Act of Congress. Congress has not seen proper to provide any other reason for extradition except the fact that a party has been indicted, or has had an affidavit filed against him charging him with some violation of the law. An information filed by the prosecuting officer does not take the place of an indictment or an affidavit. Ex parte Hart, supra. Congress could have said where a prosecution had matured into a judgment, that that would be sufficient basis for the extradition, but that body has not so enacted, and until this occurs the States are powerless to provide this as a basis for extradition. The cases of Robert v. Riley, supra, and Ex parte Hart, supra, are well considered cases and lay down the rule that it is a prerequisite and sine qua non that either a certified affidavit or certified indictment should accompany the papers as a basis for the extradition. This rule has been followed as late as the opinion in Compton v. Alabama, 214 U. S., 1. As we understand the thoroughly settled law both by the Act of Congress and all the decisions construing and interpreting that Act, both by Federal and State courts, relator was entitled to his discharge because a certified copy of an indictment, or certified copy of an affidavit neither accompanied the extradition nor is found in this record. If the authorities in Louisiana had such affidavit or indictment, a certified copy of it should have accompanied the extradition papers.

The judgment is reversed and the relator is ordered discharged.

*Relator discharged.*

PRENDERGAST, PRESIDING JUDGE.—I am somewhat in doubt on the question raised and for the present express no opinion.