(86 South. 125)

Ex parte SHAW. (6 Div. 691.)

(Court of Appeals of Alabama. June 22, 1920.)

HABEAS CORPUS ⬡80 — WITHDRAWAL OF ORIGINAL RETURN AND SUBSTITUTION OF SUBSTANTIALLY SIMILAR ONE HELD NOT ABUSE OF DISCRETION.

Where, on habeas corpus to be relieved from custody by the chief of police on a charge of embezzlement under a foreign indictment, it was not an abuse of discretion to allow respondent to withdraw his original return that he held petitioner in custody under a requisition from the Governor of the foreign state, and to substitute a new and corrected return of substantially the same nature.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Habeas corpus by George A. Shaw against T. J. Shirley, Chief of Police. From a decree refusing the writ, petitioner appeals. Affirmed.

Thomas J. Judge, of Birmingham, for appellant.

No brief reached the Reporter.

J. Q. Smith, Atty. Gen., for appellee.

No brief reached the Reporter.

MERRITT, J. On December 11, 1919, the defendant filed a petition, addressed to Hon. John C. Pugh, judge of the circuit court of Jefferson county, Ala., alleging that he was unlawfully held and imprisoned in the city jail of Birmingham, Ala., by T. J. Shirley, chief of police, on a warrant from North Carolina, charging embezzlement. Upon a hearing on this petition before Hon. Dan Greene, one of the judges of the circuit court of Jefferson county, Ala., the petitioner was remanded to the custody of the said Shirley, to be held in custody and disposed of by him under the process held by him, and in accordance with the directions in said process, and from this order, or judgment, petitioner appeals.

The original return of the said Shirley that he held the petitioner in custody by virtue of a requisition from the Governor of North Carolina to the Governor of Alabama was on application allowed to be withdrawn, and a new and corrected return made. There was no material difference in the original and

the new or corrected return, and allowing the same was largely a matter of discretion on the part of the judge, and in his ruling thereon there appears to be no error, nor any injury done the petitioner.

The requisition of the Governor of South Carolina on the Governor of Alabama, as shown by Exhibit A, the application for requisition made by the solicitor of Mecklenburg county, N. C., in which county the indictments were found and returned against petitioner, as shown by Exhibit B, affidavit of the principal witness against petitioner when the indictment was found, as shown by Exhibit C, and Exhibits D, E, and F, being copies of indictments found and returned against petitioner, with authentication thereof, and Exhibit G, being the warrant of arrest of the petitioner, or authority for the same, given by the Governor of Alabama, all appear to be regular, and in conformity with the requirements of the United States Revised Statutes, and our own law governing the extradition of fugitives from justice. Ex parte Hart, 63 Fed. 249, 11 C. C. A. 165, 28 L. R. A. 801, and authorities there cited.

There was no error in the rulings on the various demurrers and motions testing the sufficiency of those proceedings, and the judgment of the trial judge in denying the petition for release is affirmed.

Affirmed.