## Ex Parte R. G. Holt.

### No. 7482.   Decided November 15, 1922.

**Habeas Corpus—Extradition—Affidavit—Information—Executive Warrant.**

The Federal statute requires. the production of a copy of the indictment found or affidavit made, and where the executive warrant purports on its face to issue for one who is charged by information with an offense, and the statement of facts also shows that relator was charged under an information filed by the county attorney, and not upon an affidavit or indictment, the relator must be discharged. Following Lewis v. State, 75 Texas Crim. Rep., 320.

Appeal from the District Court of Shelby.   Tried below before the Hon. Chas. L. Brachfield.

Appeal from a *habeas corpus* proceeding denying discharge of relation under extradition proceeding.

The opinion states the case.

*Sanders & Sanders,* for appellant.—Cited Ex parte Gradington, 231 S. W. Rep., 781; Ex parte Lewis, 75 Texas Crim. Rep., 320; Roberts v. Railly, 116 U. S., 80.

*R. G. Story,* Assistant Attorney General, for the State.—Cited: Ex parte Hatfield, 90 Texas Crim. Rep., 293; Ex parte Hancock, 170 S. W. Rep., 145; Ex parte McDaniel, 173 id., 1019.

MORROW, Presiding Judge.—This appeal is from an order of the District Court of Shelby County refusing to discharge the relator upon the trial of a *habeas corpus* proceeding.

Relator was held by virtue of an extradition warrant issued by the Governor of this State upon the requisition of the Governor of Oklahoma.   The warrant contains this language:

"WHEREAS, It has been made known to me by the Governor of the State of Oklahoma that R. G. Holt stands charged by *Information* before the proper authorities, with the crime of obtaining money and property by means and use of a bogus check, committed in said State,   . . .   and

WHEREAS, said demand is accompanied by a copy of said *Information* duly certified as authentic by the Governor of said State."

The authority for the extradition is found in the statutes of the United States, in which it is said:

"Whenever. the executive authority of any State or Territory demands any person as a fugitive from justice of the executive authority of any State or Territory to which such person had fled, and produces a copy of an *indictment* found or an *affidavit* made before a magistrate

of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, etc.'' (R. S. of the United State, Sec. 5278.)

It is to be noted that this statute requires the production of a copy of an *indictment found or affidavit made*. The executive warrant in the instant case purports on its face to issue for one who is charged by *information* with an offense. The statement of facts also shows that the relator was charged under an *information filed by the County Attorney* and not upon an *affidavit* or *indictment*. Whether, in the absence of an affidavit or indictment, extradition proceedings may be had upon an information filed is a subject upon which the authorities are conflicting. In this State, in the case of Bergman v. State, 60 Texas Crim. App., 8, It was held that where the information was followed by a conviction and the requisition was accompanied by the judgment of conviction of an offense, the law was satisfied. It is to be noted that the words used in the Constitution of the United State are these: ''a person *charged* in any state,'' while the statute is in the language which we have quoted in the quotation, *supra*. In the case of Lewis v. State, 75 Texas Crim. Rep., 320, after a review of many authorities. this court decided that an ''information'' would not suffice. In that case, as in the one at bar, there has been no conviction of the offense charged in the information. Upon these authorities, we are contrained to hold that the extradition warrant in question did not justify the refusal of the trial court to discharge the relator.

The judgment is therefore reversed and the cause remanded, and direction given that the relator be released from custody.

*Reversed and relator discharged.*