EX PARTE PERCY S. STONE, ALIAS PERCY SILVERSTONE.

No. 17849. Delivered October 30, 1935.

The opinion states the case.

*J. A. Collier* and *J. L. Webb,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Relator was held by virtue of a warrant issued by the Governor of Texas, authorizing his arrest and surrender to the officer duly commissioned by the Governor of Vermont to receive him. Upon a hearing under habeas corpus proceedings before the Honorable Langston G. King, District Judge of Harris County, relator was remanded to custody.

The testimony adduced by relator disclosed that the demand for him was accompanied by an information which reads as follows:

"STATE OF VERMONT, BENNINGTON COUNTY, SS.

"To the Municipal Court within and for the village of Bennington, in the County of Bennington.

"Comes Norton Barber, State's Attorney of the County aforesaid, in his proper person, and on his oath of office, makes complaint that Percy Silverstone, alias Percy S. Stone, now or formerly of Bennington in the County of Bennington, at Bennington in said County of Bennington, on the 15th day of April, A. D. 1930, did wittingly, falsely and deceitfully, and with intent to defraud the County National Bank of Bennington, Vermont, forge the endorsement of one K. Vickers on a promissory note for the payment of money, which was in the words and figures following:

"Bennington, Vt. Apr. 15, 1930

"On demand after date I promise to pay to the order of County National Bank_____$2,400

No. 2512

"County National Bank $2400 and 00 cts_____Dollars.

Due demand,

"With interest. To be reduced by $100. or more each month beginning June 15, 1930, at County National Bank, Bennington, Vermont.

"Value received.

"Each maker and endorser of this note hereby waives notice and protest.

"(Signed)  P. S. Stone

"8303 6th Ave. North,
"Birmingham, Ala.

"c/o H. S. Stone

"Said note being endorsed on the back as follows: 'For

value received, I hereby guarantee payment of the within note, and waive demand, and notice of protest on same when due.

"'(Signed) K. Vickers, 114 West 16th St.,'

"contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.

"And the State's Attorney aforesaid, upon his oath aforesaid, makes further complaint that Percy Silverstone, alias Percy S. Stone, now or formerly of Bennington in the County of Bennington at Bennington in said County, on the 15th day of April, A. D. 1930; did. wittingly, falsely and deceitfully, and with intent to defraud the County National Bank of Bennington, Vermont, cause to be forged the endorsement of one K. Vickers on a promissory note for the payment of money, which was in the words and figures following:

"Bennigton, Vt., April 15, 1930.

"On demand after date I promise to pay to the order of County National Bank_____$2,400

No. 2512

"Bennington, Vt., County National Bank $2400 and 00 cts_Dollars
Due demand,

"With interest. To be reduced by $100. or more each month beginning June 15, 1930, at County National Bank, Bennington, Vermont.

"Value received.

"Each maker and endorser of this note hereby waives notice and protest.

"(Signed)  P. S. Stone

"8303 6th Ave. North
"Birmingham, Ala.

"c/o H. S. Stone

"Said note being endorsed on the back as follows: 'For value received, I hereby guarantee payment of the within note, and waive demand, and notice or protest on same when due. (Signed) 'K. Vickers, 114 West 16th St.,' contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State.

"Norton Barber, State's Attorney.

"The above complaint was exhibited to the Court this 9th day of October, A. D. 1934.

"Collins M. Graves, Judge."

In addition to the foregoing information, the statement of facts shows that several parties, who were aware of the facts involved in the charge of forgery against relator, made affidavits before notaries public in which they detailed the testimony they would give against relator on his trial. It is shown in the statement of facts that there were no instruments accompanying the demand other than the information and the affidavits to which we have referred.

It is well settled that a charge lodged solely by informa- in the demanding State will not authorize an extradition warrant from the governor of the fugitive State. Ex parte Holt, 244 S. W., 1016; Ex parte Yawman, 18 S. W. (2d) 647. We quote from Ex parte Holt, supra, as follows:

"The authority for the extradition is found in the statutes of the United States, in which it is said:

" 'Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or terrtiory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony, or other crimes,' etc. R. S. of the United States sec. 5278 (U. S. Comp St. Sec. 10126).

"It is to be noted that this statute requires the production of a copy of an indictment found or affidavit made. The executive warrant in the instant case purports on its face to issue for one who is charged by information with an offense. The statement of facts also shows that the relator was charged under an information filed by the county attorney and not upon an affidavit or indictment. Whether, in the absence of an affidavit or indictment, extradition proceedings may be had upon an information filed, is a subject upon which the authorities are conflicting. In this State, in the case of Ex parte Bergman, 60 Texas Crim. Rep., 8, 130 S. W., 174, it was held that, where the information was followed by a conviction, and the requisition was accompanied by the judgment of conviction of an offense, the law was satisfied. It is to be noted that the words used in the Constitution of the United States are these: 'A person charged in any State'—while the statute is in the languge which we have quoted in the quotation, supra. In the case of Ex parte Lewis, 75 Texas Crim. Rep., 320, 170 S. W., 1098, after a review of many authorities, this court decided that an 'information' would not suffice. In that case, as in the one at bar, there had been no conviction

of the offense charged in the information. Upon these authorities, we are constrained to hold that the extradition warrant in question did not justify the refusal of the trial court to discharge the relator."

The judgment is reversed and relator is ordered discharged.

*Reversed and relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.