No. 16,737.

SMITH *v.* SHORT, SHERIFF ET AL.
(237 P. [2d] 113)

Decided October 22, 1951.

Messrs. MURPHY & MORRIS, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. FRANK A. WACHOB, Assistant, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE JACKSON delivered the opinion of the court.

THE State of Oklahoma sought extradition of plaintiff in error to answer to a charge of bigamy. After extra-

dition had been granted by the Governor of Colorado, plaintiff in error sought a writ of habeas corpus in the district court of El Paso county, Colorado, being the county in which he was held in jail. The district court dismissed the writ, and plaintiff in error seeks reversal.

Counsel for plaintiff in error raises the one question as to whether there has been compliance with the federal statute relating to extradition. The record shows the requisition duly executed by the acting Governor of Oklahoma, and attached to it is a duly authenticated copy of the complaint and the criminal warrant issued in case No. 6963 in the County of Comanche, State of Oklahoma. This complaint shows that it was subscribed and sworn to before the county judge of Comanche county, Oklahoma, following which is the statement by the county attorney: "I have examined the facts in the foregoing Complaint and recommend that a warrant do issue." Endorsed on the back of the complaint are the names of witnesses for plaintiff as follows: "Ruby Schmidt, 925 So. 5th Street, Lawton, Oklahoma; Capt. Ray C. Eakins, Finance Dept., Ft. Sill, Oklahoma; Mrs. Rita W. Smith, 1005 Robert Street, Nanty Glo, Pa."

The body of the complaint reads as follows: "Ruby Schmidt, of lawful age, being duly sworn upon his oath, deposes and says: That at and within the County of Comanche and State of Oklahoma, on the 1st day of December, 1950, James Alexander Smith, then and there being, did then and there, wilfully, wrongfully and unlawfully, knowingly, bigamously and feloniously marry and take to wife one Ruby Schmidt, and to her the said James Alexander Smith then and there was married, he, the said James Alexander Smith, then and there having a former wife, to-wit Rita Winifred Smith, nee Rita Winifred Hoskins, then living, and he, the said James Alexander Smith, had theretofore, to-wit: on the 13th day of July, 1940, lawfully married her, the said Rita Winifred Smith, nee Rita Winifred Hoskins, contrary to

the form of the statute in such case made and provided and against the peace and dignity of the State."

The pertinent section of the federal statute dealing with extradition in section 3182, chapter 209, title 18, U.S.C.A., and reads as follows: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces *a copy of an indictment found or an affidavit made before a magistrate* of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. * * * " (Italics supplied.)

Counsel for plaintiff in error set forth at great length in support of their position our recent opinion in *Henry v. McArthur*, 122 Colo. 474, 223 P. (2d) 621. There we made permanent the writ of habeas corpus and discharged the petitioner whose extradition was being sought by the state of Arkansas. In so doing we laid down certain rules with which we believe there has been a compliance in the instant case. The warrant of arrest would seem to be accompanied by an affidavit. It would appear further that this affidavit satisfies our requirement that it "should set forth the facts and circumstances relied upon for proof of the crime, and be under the oath or affirmation of some person familiar with the facts sufficient to justify the testimony as to their truthfulness, and such affidavit is to be made before a magistrate. Such magistrate may be any judicial officer having summary jurisdiction in criminal cases, including

justices of the peace, police judges, and any other person classified under our laws as a magistrate."

We also believe the facts here satisfy the requirements set out in the leading case of *Ex Parte Hart*, Fourth Circuit, 63 Fed. 249, 28 L.R.A. 801, where it was stated: "The affidavit required in such cases should set forth the facts and circumstances relied on to prove the crime, under the oath or affirmation of some person familiar with them, whose knowledge relative thereto justifies the testimony as to their truthfulness, and should not be the mere verification of a court paper by a public official, who makes no claim to personal information as to the subject matter of the same."

In the more recent case of *United States ex rel. McCline v. Meyering, Sheriff*, 75 F. (2d) 716, the court sets forth the philosophy for these requirements specified by Congress in the following words: "The act of Congress makes no provision for the certification of a warrant in a requisition, but, in the absence of an indictment, the act of Congress permits the certification of an affidavit. Clearly the affidavit should contain facts from which the Governor of the asylum state may see that there is probable cause to believe that the accused committed the crime in question. The affidavit should state facts sufficient to satisfy the magistrate that probable cause exists. Lippman v. People, 175 Ill. 101, 51 N.E. 872."

In the instant case, except for the fact that it is called a complaint instead of an affidavit, the document would appear to comply with the statute and be responsive to the reasons for its enactment. It is sworn to by the person who would be expected to have the most direct knowledge of the crime charged. It is her marriage to plaintiff in error that is claimed to have made him a bigamist. The names of the three witnesses endorsed on the complaint include that of the complaining witness, the person alleged to have been previously married to him, and an army fiscal officer. It further is to be noted that this particular complaint, after being sworn

to before the county judge of Comanche county, who would appear to be such a "magistrate" within the meaning of the statute, also shows an endorsement of the county attorney of Comanche county, by his deputy, stating that he had examined the facts in the complaint and recommended that a warrant issue. It appears to us that the Governor of Colorado, after an examination of the foregoing documents, had "probable cause" to believe that the accused committed the crime in question.

If we understand the position of counsel for plaintiff in error correctly, it also is argued that the complaint in this case cannot be considered a valid substitute for an affidavit, in that the acknowledgment is in the form of a jurat and does not specifically state that the affiant knows the facts to which she swears of her own knowledge. Counsel cite no authority in support of their position. It is to be noted that the complaining witness did not state, either in the body of the complaint or in the acknowledgment, that the facts therein set out were true only to the best of her information and belief. Certainly, if the facts as alleged in the complaint are not true, she would appear to have laid herself open to a charge of perjury, as well as malicious prosecution.

The question involving the sufficiency of the allegations contained in the complaint to charge a crime is not here raised.

We have relied upon the cases cited by counsel for plaintiff in error, as we believe they furnish a proper basis for affirmance.

The judgment is affirmed.

Mr. Justice Holland and Mr. Justice Moore dissent.

Mr. Justice Alter does not participate.

Mr. Justice Moore dissenting.

I respectfully dissent from the opinion of the court for the following reason.

The body of the complaint upon which the warrant

issued for the arrest of plaintiff in error is set forth in full. After reciting the marriage ceremony performed between him and the prosecuting witness it is alleged that at the time thereof, "the said James Alexander Smith, then and there having a former wife, to-wit: Rita Winifred Smith, nee Rita Winifred Hoskins, then living, and he, the said James Alexander Smith, had theretofore, to-wit: on the 13th day of July, 1940, lawfully married her, the said Rita Winifred Smith, nee Rita Winifred Hoskins, * * * "

I respectfully submit that the said complaint wholly fails to charge the offense of bigamy under the laws of the State of Oklahoma and that it is most apparent upon the face of the complaint that no crime whatever is charged therein. To assert that one who enters into a marriage ceremony at a time when he has "a former wife" then living, falls far short of charging the crime of bigamy. Countless persons have participated in valid marriage ceremonies at a time when they have former husbands or wives "then living." The complaint upon its face is fatally defective and no extradition should be granted in the complete absence of a sufficient showing that a crime has been committed by the person whose extradition is sought.

I disagree with that portion of the opinion which says that the complaint in this case, functioning in the capacity of an affidavit, satisfies our requirement that it should set forth the facts and circumstances relied upon for proof of the crime. It is patent upon the face of this complaint, even if it is permitted to function in the place of an affidavit, that proof of every fact stated therein would not prove the commission of any crime. Moreover the complaint in this case is the instrument which functions in the capacity of an indictment or information and is the formal charge made against the defendant upon which the warrant issued for his arrest. Being thus considered, it stands without any supporting affidavit. It cannot be both the instrument making up the formal

accusation and the affidavit supporting the same. Thus the requirements specifically mentioned in *Henry v. McArthur*, 122 Colo. 474, 223 P. (2d) 621, are not present.

MR. JUSTICE HOLLAND concurs in this dissent.