THE STATE ex rel. MILLION v. ALLEN, Auditor.

In Banc, March 16, 1905.

1. SHERIFF'S FEES: Holding Prisoner After Arrest. A prisoner was arrested by virtue of a capias issued by the circuit clerk, upon the filing of an information charging him with a felony, and from the date of his arrest until he was ordered by the circuit court to be committed to the custody of the sheriff until the date of his trial he was in the custody of the sheriff by virtue of his arrest in pursuance to the command of the capias. Held, that the sheriff is not entitled to $1.25 a day for keeping the prisoner, for the prisoner was not, within the meaning of

the statute, "undergoing an examination preparatory to his commitment," but was simply being held for trial in the circuit court upon the information filed by the prosecuting attorney.

2. ————: **Creatures of Statutes: Duty of Courts.** Costs and fees are purely the creatures of the statutes. The courts can only construe the statutory law as it is written. It is not for them to say what fees are a just and fair compensation to the sheriff for holding for trial a prisoner after arrest. They can award the payment of only such fees as the statutes specifically fix.

Mandamus.

ALTERNATIVE WRIT QUASHED.

*Allen & Mayer* for relator.

(1) Section 3246, Revised Statutes 1899, provides specifically that this item of fees for sheriffs "shall be allowed by the court having cognizance of the offense." This section makes the court the "allowing" or "auditing" officer. In the present case, the lower court "allowed" the claim. There was nothing left for the Auditor but to audit the claim when it was submitted to him. He ought not to question the validity of the allowance. (2) The item of fees contended for is a legal claim, provided for by section 3246, Revised Statutes 1899. State ex rel. v. Clark, 170 Mo. 67; Thomas v. County of St. Louis, 61 Mo. 547; State ex rel. v. Wofford, 116 Mo. 220. If the sheriff in State ex rel. v. Clark, supra, is entitled to collect the $1.25 per day, under the facts in that case, there seems to be no good reason why the same rule should not apply in the case at bar. In the Clark case, Sheriff Dieckmann held the prisoner one day and until the next sitting of the court. In this case, relator sheriff held prisoner thirty-seven days and until the next sitting of the court. The same section of the statutes governs both cases. The governing section is section 3246, Revised Statutes 1899, pertaining to sheriffs' fees in criminal cases.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for respondent.

MARSHALL, J.—This is an original proceeding by mandamus to compel the State Auditor to audit and allow against the State, a fee bill for forty-six dollars and twenty-five cents, costs in the case of State of Missouri v. R. W. Bevington, being one dollar and twenty-five cents a day, for thirty-seven days, while, it is alleged, the prisoner was in relator's charge as sheriff of Atchison county, "undergoing examination preparatory to commitment."

The information upon which the alternative writ of mandamus was based, states the facts to be as follows:

On December 21, 1902, the prosecuting attorney of Atchison county filed in the office of the clerk of the circuit court, an information charging R. W. Bevington with the felony of forgery in the third degree. On December 22, 1902, the circuit clerk issued a capias, directed to the relator as the sheriff of said county, ordering him to arrest said Bevington, to safely keep him, and to have his body before the circuit court of that county on the 26th of January, 1903. The sheriff made the arrest, and kept the prisoner until January 27, 1903, when he produced his body before said circuit court, that being the first day on which there was a session of said court. On January 27, 1903, the prisoner was arraigned, pleaded "not guilty," his trial was set for January 29th, and he was by the court ordered committed to the custody of the sheriff until the day of trial. On January 29th, he was tried, convicted and sentenced to a term in the penitentiary, and is now serving the same.

The respondent filed a motion to quash the alternative writ on the ground that upon the facts stated, the relator was not entitled to a writ. On the 24th of December, 1904, this court made an order sustaining

the motion to quash, and announced that an opinion would be filed later, and in pursuance thereto this opinion is rendered.

## I.

Relator's chief contention is that under the decision of this court in State ex rel. Dieckmann v. Clark, 170 Mo. 67, he is entitled to the fees charged.

There is a vital difference between the Dieckmann case and the case at bar. In the Dieckmann case the fees were allowed because the prisoner was in the custody of the sheriff more than one day "while undergoing an examination preparatory to his commitment." That is, the prisoner was in charge of the sheriff pending an examination by a committing magistrate as to whether or not he should be committed to prison to await a trial. The examining magistrate had no power to try the charge against the prisoner, but his power was confined to the determination of the question whether or not there was probable cause to believe that the prisoner was guilty, and if he believed there was, to bind him over to appear before the grand jury or to commit him to prison to await the action of the grand jury. It was held in that case that until the court ordered the prisoner committed to jail to await an examination by the committing magistrate or to await the action of the grand jury, the prisoner was in the sheriff's custody, and therefore, the sheriff's claim for the fees charged fell within the letter of the statute allowing one dollar and twenty-five cents per day to the sheriff for keeping the prisoner "while undergoing an examination preparatory to his commitment." [Sec. 3246, R. S. 1899.]

In this case the prisoner was in the custody of the sheriff from the date of his arrest on December 22, 1902, until the 27th of January, 1903, by virtue of the capias issued by the circuit clerk, on which last-named date he was ordered by the court to be committed to

the custody of the sheriff until the date set for his trial, on January 29, 1903.

A commitment means a judicial order, and until such an order is made the person arrested is the sheriff's prisoner by virtue of the capias. [Thomas v. County of St. Louis, 61 Mo. 547.] After an order of commitment has been made by the court, the sheriff or jailor is only entitled to a sum not exceeding fifty cents a day for the board of the prisoner. [Sec. 3246, R. S. 1899.]

But while in this case the prisoner was in the custody of the sheriff from December 22, 1902, until January 27, 1903, and while no order of commitment was made by the court until January 27, 1903, the prisoner was not "undergoing an examination preparatory to his commitment." For he was not held to await an examination by a committing magistrate, but was held for trial in the circuit court upon the information filed by the prosecuting attorney. The grand jury had nothing to do with the matter. There could be no examination preparatory to his commitment; but he was to be tried upon the merits of the charge. Hence the difference between the Dieckmann case and the case at bar.

It may be true that a sheriff runs as much risk and incurs as much expense in keeping a prisoner in such a case as this, as he does in such a case as the Dieckmann case. But these are considerations with which the courts have no concern. Costs and fees are purely the creatures of the statutes, and one who claims them must be able to put his finger upon the express provision of the statutes which allow them or the courts cannot award them. The statute allows a sheriff one dollar and a quarter a day for having a prisoner in his charge "while undergoing an examination preparatory to his commitment," and only allows fifty cents a day for keeping and boarding a prisoner after he is com-

mitted to prison or while he is in prison awaiting a trial on the merits of the charge against him.

The reason for or injustice in the difference is a matter for the Legislature solely, and not for the courts. The courts can only enforce the statutory law as it is written.

The relator has failed to bring himself within the provisions of the statute, and, therefore, he is not entitled to the peremptory writ of mandamus prayed. For this reason the alternative writ was heretofore quashed.

All concur, except *Lamm, J.*, not sitting.