## Ex Parte W. L. Nix.

### No. 5380.    Decided May 14, 1919.

1.—Habeas Corpus—Extradition—Executive Warrant—Description of Offense.

The contention that because in the warrant the relator is charged with the crime of false pretenses vitiates the warrant, for the reason that there is no offense so denominated in the demanding State or any State, and that there is a failure in the warrant to recite facts necessary to show an offense, is not well taken, as it is only required that this be done in general terms. Following Ex parte Cheatham, 50 Texas Crim. Rep., 53, and other cases, and the production of the executive warrant makes a prima facie case; nor was it necessary that the warrant be accompanied by the complaint charging the offense.

2.—Same—Burden of Proof—Certificate of Governor—Extradition. .

The certificate of the governor of this State to the fact that the governor of the demanding State had made it known to him that the relator was charged by complaint, and that the demand for his surrender was accompanied by a copy of the complaint duly certified as authentic by the governor of the demanding State, was sufficient to put upon relator the burden of proving that the demand was not accompanied by a copy of the complaint, etc. Following Ex parte Faihtinger, 72 Texas Crim. Rep., 633, and other cases.

3.—Same—Case Stated—Sufficiency of the Evidence.

Where the relator introduced no evidence other than the statute of the demanding State defining the offense of obtaining property under false pretenses, and the respondent introduced a certified copy of the affidavit filed with the requisition which supported a charge against relator for obtaining property under false pretenses, and there was nothing to show that the offense was not sufficiently described, the proof was sufficient and there was no error in introducing said certified copy of the affidavit. Following Ex parte Coleman, 53 Texas Crim. Rep., 93, and other cases. Overruling Ex parte Thornton, 9 Texas, 635.

4.—Same—Proof Necessary—Executive Warrant—Affidavit.

It is not incumbent upon the respondent to introduce evidence other than the warrant issued by the Governor of Texas, and if there was a faulty description of the offense in the warrant, the question is met by the introduction in evidence by the respondent of a certified copy of the affidavit of the demanding State, although the requisition itself was not introduced in evidence.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. C. A. Pippen.

Appeal from a habeas corpus proceeding refusing to discharge relator on extradition proceedings.

The opinion states the case.

*Puckitt, Mount & Newberry,* for relator.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This appeal is from an order of the District Court refusing to discharge relator under writ of habeas corpus. It appears that he was arrested and held under an executive warrant as follows:

"IN THE NAME AND BY THE AUTHORITY
OF THE STATE OF TEXAS
(Executive Department)
TO ALL AND SINGULAR THE SHERIFFS, CONSTABLES,
AND OTHER CIVIL OFFICERS OF SAID STATE

WHEREAS, it has been made known to me by the Governor of the State of 'Oklahoma that W. L. Nix stands charged by complaint before the proper authorities with the crime of false pretences committed in said State, and that the said defendant has taken refuge in the State of Texas, and:

WHEREAS, the said Governor, in pursuance of the Constitution and laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to John B. Hill who is as is satisfactorily shown, duly authorized to receive him into custody and convey him back to said State, and:

WHEREAS, said demand is accompanied by copy of said *complain* and warrant duly certified as authentic by the Governor of said State.

NOW THEREFORE, I, W. P. Hobby, Governor of Texas, by virture of the authority vested in me by the Constitution and Laws of this State, and the United States do issue this my warrant commanding all sheriffs, constables, and other Civil Officers of this State, to arrest and aid and assist in arresting said fugitive and to deliver him when arrested to the said agent in order that he may be taken back to said State to be dealt with for said crime.

In testimony whereof, I have hereunto signed my name and have caused the seal of the State to be hereon impressed at Austin, Texas, this fourteenth day of   March A. D. 1919.
SEAL

(Signed) W. P. HOBBY.
Governor"

GEO F. HOWARD, Secretary of State

The sufficiency of the warrant is attacked upon the ground that the statement in the warrant that the relator is charged with the crime of "false pretences" vitiates the warrant for the reason that there is no offense so denominated in the demanding state or any state and there is a failure in the warrant to recite facts necessary to show an offense.

It is necessary that the warrant should name the offense. Thomas v. State, 37 Texas Crim. Rep., 142. But it is only required that it be done in general terms. Ex parte Cheathan, 50 Texas Crim. Rep., 53; Ex parte Stanley, 25 Texas Crim. App., 378; State v. Clough,

67 L. R. A.. 946; Munsey v. Clough, 196 U. S., 364, 49 L. Ed., 513; Hays v. Palmer, 21 App. D. C., 450; State ex rel. McNichols v. Justus, 87 N. W., 770. The authorities uniformly declare that in a *habeas corpus* trial the Governor's warrant makes a *prima-facie* case for the respondent. Ex parte McDaniel, 76 Texas Crim. Rep. 184, 173 S. W. Rep., 1019, Ex parte White, 39 Texas Crim. Rep. 499; U. S. Statutes Ann., vol. 2. p. 909; Cyc., vol, 19, p, 92.

As it is recited in the warrant that the Governor of the demanding State has made known to the Governor of this State that the relator is charged "with the crime of false pretenses committed in said State." it would seem, that giving effect to the rule stated, that the production of the executive warrant makes a *prima-facie* case, and the rule that it is not required that the elements of the offense be set out but that it be merely designated by name in general terms, would sustain the decision of the trial court in holding that the warrant in the instant case was not fatally defective. It was not necessary that the Governor's warrant be accompanied by the complaint charging the offense. The certificate of the Governor of this State to the fact that the Governor of Oklahoma had made it known to him that the relator was charged by complaint, and that the demand for his surrender was "accompanied by a copy of the complaint duly certified as authentic by the Governor of Oklahoma," was sufficient to put upon relator the burden of proving that the demand was not accompanied by a copy of the complaint duly certified by the Governor of Oklahoma. Ex parte Jones, 199 S. W. Rep., 1110; Ex parte Faihtinger, 72 Texas Crim. Rep.. 633; Ex parte McDaniel. 76 Texas Crim. Rep., 184; Ex parte White. 39 Texas Crim. Rep., 489; Ex parte Pearce, 32 Texas Crim. Rep., 301; Ex parte Cheatam, 50 Texas Crim Rep., 54; Kingsbery, 106 Mass., 223.

The relator introduced no evidence other than a section of the Statute of Oklahoma, denouncing the offense of "obtaining property under false pretenses," and the respondent introduced a certified copy of the affidavit filed with the requisition, which in several counts purports to charge relator with obtaining property under false pretenses, setting out the facts in great detail, and we are referred to nothing suggesting that it is not sufficient under the laws of the State of Oklahoma to charge the offense named. The test is its sufficiency in the demanding State. Ex parte Coleman, 53 Texas Crim. Rep.. 93; Pearce v. Texas, 155 U. S., 311; 39 L. Ed. 164. The requisition was not introduced in evidence and objection was made to the introduction of the affidavit because its introduction was not accompanied by the certificate of the Governor of Oklahoma to its authenticity. It was certified by the Secretary of State of Texas to be a correct copy of the affidavit filed with the requisition, and this identified, was admissible, as the recital of the

Governor of Texas in his warrant, that the Governor of Oklahoma duly certified that it was authentic, was before the court, and established the fact in the absence of controverting proof.

We are referred to the case of Ex parte Thornton, 9 Texas. 635, as in conflict with the view that the recitals in the executive warrant supply proof of the existence of the requisites for its issuance. In so far as the Thornton case does conflict with this principle, it appears to have been overruled in the case of Ex parte Stanlty, 25 Texas Crim. App., 372, from which we quote as follows:

"In the case we are considering, the warrant recites, but does not set forth in full, the affidavit upon which it is issued. We have found no decision or authority which requires that the warrant should set forth the evidence in full, except the intimation referred to in Thornton's case. The correct rule is, we think, laid down in Donahue's case, 84 New York, 438, in a syllabus as follows: 'Where the papers upon which a warrant of extradition is issued, are withheld by the executive, the warrant itself can only be looked to for the evidence that the essential conditions of its issuance have been complied with, and it is sufficient if it recites what the law requires.' "

The Governor of the State of Texas not having attached to the warrant issued by him the various papers which he recites therein as furnished to him, as the basis for the issuance of the warrant, it devolves upon the relator to show that the papers before him were insufficient to authorize the issuance of the warrant. These papers, including the requisition, were on file in the office of the Secretary of State, and available to relator to negative the recitals in the warrant, but, except the affidavit which was introduced by the respondent, were not used in evidence. On the trial of this case we think it was not incumbent upon the respondent to introduce evidence other than the warrant issued by the Governor of Texas. If, however, this was made doubtful owing to the manner in which the offense is described in the Governor's warrant, the question is met by the introduction in evidence by the respondent of the affidavit which the Governor filed with the Secretary of State with the requisition made upon him by the Governor of the demanding State.

The judgment of the lower court is affirmed.

*Affirmed.*