Ex Parte WILLIAM P. CARROLL.

No. 5633.   Decided November 26, 1919.

Rehearing denied January 14, 1920.

**1.—Extradition—Habeas Corpus—Executive Warrant.**

Where relator was restrained under an executive warrant issued by the Governor of this State, upon the requisition of the Governor of the State of Massachusetts, the sufficiency of which was not questioned, this established prima facie the authority to hold the relator. Following: Ex parte Nix, 212 S. W. Rep., 507, and other cases.

**2.—Same—Indictment—Conviction—Rule Stated.**

The fact that relator had been convicted under an indictment in the State of Massachusetts for forgery and sentenced to the penitentiary, and pending said imprisonment was paroled and afterwards said parole was revoked before said sentence expired, this did not prevent his extradition. Following: Bergman v. State 60 Texas Crim. Rep., 15.

**3.—Same—Convict—Parole—Revocation.**

If it were permissible to show that the revocation of relator's parole was unauthorized, etc., such proof was not furnished by relator, and he having broken the conditions of his parole was in no better position than if he had escaped by force. Following: Ex parte Williams, 10 Okla. Crim. Rep., 346, and other cases.

**4.—Same—Fugitive From Justice—Rule Stated.**

While the proof supporting the issuance of the executive writ implies that it was rightfully done and that the proof amply sustained the writ, the rule is that the law does not prescribe the manner in which the executive of the refugitive state may determine the question of fact as to whether the accused is a fugitive from justice. Following: Ex parte McDaniel; 76 Texas Crim. Rep., 184, and other cases.

**5.—Same—Expiration of time of Imprisonment—Escape—Convict.**

The fact that the relator remained in the demanding state until after the expiration of the time when his term of imprisonment would have ended, is without weight on the issues involved, as his attitude was that of an escaped convict from the time his permit to remain at large was breached and revoked.

Motion for rehearing overruled January 14, 1920.—Reporter.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, judge.

Appeal from a *habeas corpus* proceeding refusing release of relator as a fugitive from justice.

The opinion states the case.

*Meek & Kahn,* for relator.—Cited: Ex parte Lewis, 75 Texas Crim. Rep., 320, 170 S. W. Rep., 1099.

*Alvin M Owsley,* Assistant Attorney General, *E. T. Branch,* for the State.—Cited cases in the option.

MORROW, Judge.—The appeal is from an order of the District Court of Harris County refusing to release appellant upon hearing of his application for writ of *habeas corpus.* His restraint is under an executive warrant issued by the Govenor of this State upon the requisition of the Governor of the State of Massachusetts. The issuance of the warrant, the sufficiency of which is not questioned, establishes *prima facie* the authority to hold the relator. Ex parte Nix, 85 Texas Crim. Rep., 307, 212 S. W. Rep., 507, and authorities therein referred to; Roberts v. Reilly, 116 U. S. Supreme Court, p. 80; and annotations in Rose's Notes on U. S. Reports, Revised Edition, vol. 13, p. 170.

The documents filed with the Secretary of State and upon which the requisition was granted, which were put in evidence by relator, show that on January 13, 1913, the relator was convicted of forgery and sentenced to confinement in the penitentiary for not more than four years; that on the 25th day of July, 1915, he was permitted to go at large upon parole; that subsequently in January, 1916, the Board of Paroles of the State of Massachusetts at a meeting passed a resolution revoking the permit to be at liberty, and issued a warrant for the re-arrest of the relator and his confinement for the unexpired time of his sentence, which warrant recites that the Board of Paroles was acting in pursuance of a certain provision of the laws of Massachusetts, and that the revocation was ordered for the reason that William P. Carroll "had left his home and employment without permission; has not reported as directed, and his whereabouts are unknown to this office."

The fact that relator had been convicted under the indictment charging him with forgery does not prevent his extradition. On the subject from Moore on Extradition, vol. 2, sec. 530, we take the following:

"The term 'charged' applies to persons convicted as well as to persons merely sought for the purpose of trial. Where a person is convicted of crime, his sentence of imprisonment can be satisfied only by the actual service of his term in prison. Hence, if he escapes, the term ceases to run, and he may, after its nominal expiration, he brought back to serve the unexpired balance of his term." Drinkall v. Spiegle, Sheriff, 68 Conn., 441; 36 L. R. A., 486; Bergman v. State, 60 Texas Crim. Rep., 15.

If it would have been permissible to show that the revocation of his parole was unauthorized or not within the scope of the power of the Board of Paroles, (and this is questionable) such proof

was not furnished; and the relator, having broken the conditions upon which his freedom from confinement depended, was in no better position than if he had escaped by force. Drinkall v. Spiegle, 36 L. R. A., 489; Ex parte Williams, 10 Oklahoma Crim. Rep., 346, 136 Pacific Rep., 598.

It was not encumbent upon the respondent to prove the terms of the parole. The issuance of the writ by the governor implies that it was rightfully done, and the implication obtains until overcome by proof. The affidavits found among the papers filed by the Governor, in which the terms of the parole were set out and its breach declared, in no sense vitiated the warrant. The other documents accompanying the requisition were sufficient to support it. Moreover, the law does not prescribe the manner in which the Executive of the refugitive state may determine the question of facts as to whether the accused is a fugitive from justice, and we are aware of no legal obstacle to the consideration by the Governor of the affidavits mentioned. McNichols v. Pease, 207 U. S. Supreme Court Rep., 100, 52 Law Edition, 121; U. S. Statutes, Annotated, vol. 2, p. 591; Ex parte McDaniel, 76 Tex. Crim. Rep., 184.

The relator's evidence does not negative the fact that he had breached the parole. It does not purport to give the terms of the parole. Its extent is to say that the relator remained in Massachusetts continuously from the time of his conviction until January, 1918, and that when he was paroled all that was said to him by the warden of the penitentiary was "Here are three dollars. You are discharged." The trial judge regarded this evidence as insufficient to discharge the burden which was upon relator to show that he was not a fugitive from justice. It was undisputed that he had been charged by indictment and convicted to serve in the penitentiary; that he was released on parole; that the legally constituted authorities had declared his parole breached and revoked; that he had not served the remainder of his term in the penitentiary; had left the state in which he was convicted, and come to Texas. The fact that he remained in Massachusetts until after the expiration of the time when his term of imprisonment would have ended is without weight on the issues involved. His attitude was tantamount to that of an escaped convict from the time his permit to remain at large was breached and revoked. The lapse of time intervening before he left the state did not satisfy the penalty against him. Ruling Case Law, vol. 20, p. 570, sec. 59; also vol. 8, p. 231, secs. 229 and 232.

We find no error in the record. The judgment is affirmed, and the relator remanded to the custody of the sheriff.

*Relator remanded to custody.*