### Ex Parte F. H. Haynes, alias J. A. Martin.

No. 9038. Delivered November 12, 1924.

Rehearing denied January 7, 1925.

1.—Habeas Corpus—Extradition—Executive Warrant—When Sufficient.

Relator complains that the warrant of the Governor of Texas is insuf ficient in failing to show that the conviction in New Mexico was upon an affidavit or indictment. If the warrant itself reveals that it was based upon an insufficient demand, or if upon the trial it be shown that the papers accompanying the demand are insufficient to authorize the extradition warrant, relator will not be held thereunder, but if not defective upon its face, the Governor's warrant makes a prima facie case for the respondent.

2.—Same—Warrant of Governor—Recitals In—Sufficient.

Where the warrant recites that the Governor of New Mexico advises that relator had been convicted in that state of forgery and had been committed

98 Tex. Crim.—39.

to the penitentiary and that said commitment accompanied the demand, we hold this warrant sufficient to authorize the trial court in holding relator. It is not necessary for the warrant to recite the contents or effect of papers which accompany the demand, and in their absence from the record, it will be presumed that they were sufficient upon which to base his action. The burden is on relator to show the contrary.

**3.—Same—Postponement—Properly Refused—Proper Diligence Not Shown.**

Relator asked for a postponement to enable him to secure certified copies of the requisition, and all accompanying papers. No fact expected to be revealed in such papers was shown. He does not show any injury to him by the refusal of his application. A copy of these papers could have been attached to a motion for a new trial, and by proper bill, brought to this court for review.

### ON MOTION FOR REHEARING.

**4.—Same—Warrant for Extradition—Recitals In.**

The recitals in a warrant should embrace the substance of the documents upon which the governor of the asylum state determines that the alleged fugitive was charged in the demanding state, with an extraditable offense. Ex Parte Dawson, 28 C. C. A. 354. A recital, however, showing that the document before the governor issuing the warrant, disclosed the *conviction* of the fugitive of a crime within the purview of the law, would suffice.

**5.—Same—Extradiction—"Charged" and "Convicted" Synonymous Under U. S. Constitution.**

When a prosecution is initiated and pursued to the judgment of conviction the accused is "charged" within the meaning of the United States Con stitution. The announcement to the contrary in Ex parte Lewis, 75 Tex Crim. Rep. 320 is deemed unsound. The idea that in authorizing the extra dition of persons "charged" with crime, the Constitution of the United States excludes those who have been "convicted" of crime, does violence to the intent and leads to a construction of the language of the constitution, at war with its evident purpose. See opinion for collation of authorities.

**6.—Same—Warrant—Recitals In—Sufficiency Of.**

The warrant in this case recites that it has been made known to the governor that the relator "stands convicted before the proper authorities, with the crime of forgery, and stands *committed* to the penitentiary in the demanding state." The only *document to which reference is made in the* governor's warrant, as accompanying the demand, or as evidence upon which the warrant is issued is a copy of the "commitment," authenticated by the governor of the demanding state. No reference is made to an indictment or affidavit, and the only evidence of conviction of crime seems to be that obtained from the certified copy of the commitment mentioned. Is this recital sufficient? A commitment is described as a warrant, process, or ordered issued by or upon the authority of a court directing an executive officer to confine a person named in prison for a stated time, or until the happening of some named event. See 8 Cyc, 336, and other cases collated in opinion.

**7.—Same—Warrant—Presumption of Recitals—Commitment.**

In the absence of its introduction in evidence, it will be presumed that the commitment contained all the requisites of the law to show that relator was under conviction for an extraditable crime in the demanding State. If the commitment was not in law sufficient to support the warrant, the burden was upon the relator to introduce the papers in evidence. This he failed to do, or to bring before this court by motion for new trial or bills of exceptions, proof of the contents of the documents mentioned. In their absence, the presumption of their regularity prevails.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippin, Judge.

Appeal from a habeas corpus hearing in which relator was remanded to the agent designated to return him to the demanding state.

*G. W. Lindsey,* Dallas, for relator.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Application was made to the Governor of this state by the Governor of New Mexico for an extradition warrant authorizing the return of relator to the latter state as a fugitive of justice therefrom. Upon habeas corpus hearing before Hon. C. A. Pippin, Judge of Criminal District Court No. 2 of Dallas, relator was remanded to the agent designated to return him to the demanding state; from this order the appeal is brought.

Upon the hearing the only evidence introduced was the official designation by the Governor of New Mexico of S. W. Fletcher as agent to receive relator and return him to the demanding state, and the executive warrant of the Governor of this state authorizing extradition.

The warrant recites:

"Whereas, it has been made known to me by the Governor of the State of New Mexico that John T. Martin stands convicted before the proper authorities with the crime of forgery, and who stands committed to the State Penitentiary in said State, and that the said defendant has taken refuge in the State of Texas; and * * * Whereas, said demand is accompanied by copy of said penitentiary commitment duly certified as authentic by the Governor of said State; * * *"

Relator complains that the warrant is insufficient in failing to show that the conviction in New Mexico was upon an affidavit or indictment. If the warrant itself reveals that it was based upon an insufficient demand, or if upon the trial it be shown that the papers accompanying the demand are insufficient to authorize the extradition warrant relator will not be held thereunder (Ex parte Holt, 92 Tex. Cr. R. 614, 244 S. W. 614); but if not defective on its face the authorities uniformly hold that in a habeas corpus trial the Governor's warrant makes a prima facie case for the respondent. (Ex parte Nix, 85 Tex. Cr. R. 307, 212 S. W. 507; Ex parte Carroll, 86 Tex. Cr. R. 301, 217 S. W. 382; Ex parte McDaniel, 76 Tex. Cr. R. 184, 173 S. W. 1019; Ex parte White, 39 Tex. Cr. R. 499). The warrant here says in effect that the executive has been advised by the Governor of New Mexico that relator had been convicted in the state of forgery and had been committed to the penitentiary under such conviction, and that said commitment to the penitentiary accompanied the demand.

This warrant we are constrained to believe was sufficient to authorize the trial court in holding relator. It is not necessary for the warrant to recite the contents or effect of papers which accompany the demand and in their absence from the record we must assume that they presented to the Governor of the fugitive state sufficient and legal grounds upon which to base his action. Under such circumstances the burden is on relator to show to the court that the Governor was acting upon insufficient data in granting the warrant.

Relator complains because the court declined to grant a postponement of the hearing, it being recited in the bill bringing the matter forward for review that the attorney for relator had requested the Governor in the event he issued a warrant of extradition to notify said attorney, and that upon receipt of such information from the Governor said attorney had requested the Secretary of State to furnish certified copies of the requisition and all accompanying papers; that he had not at the time of trial received them. These transactions occurred on the evening of September 1st, and the habeas corpus hearing was upon September 3d. Nothing appears in the record showing that the papers accompanying the requisition revealed any fact which would be available to relator in resisting the extradition proceedings and we can not assume that they revealed any such matter. The same rule applies here as in other cases, to-wit: that the duty is upon one complaining of a ruling of the court to show that error was committed, which was detrimental to the party complaining thereof. By the use of proper diligence certified copy of these papers could have been secured and attached to motion for new trial before the judge hearing this case, and if they revealed matters available to relator they could then have been brought to this court by a proper bill and we would have been in a position to have passed upon the matter.

The judgment remanding relator for removal to the state of New Mexico is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In Ex parte Stanley, 25 Texas Crim. App. 374, the rule is thus stated:

"Where the papers upon which a warrant of extradition is issued are withheld by the executive, the warrant itself can only be looked to for the evidence that the essential conditions of its issuance have been complied with, and it is sufficient if it recites what the law requires."

These recitals should embrace the substance of the documents upon which the governor of the asylum state determines that the alleged fugitive was charged in the demanding state with an extraditable offense. Ordinarily, these documents should be such as would enable the governor issuing the warrant to state therein that the person was charged

by indictment or affidavit. Ex parte Dawson, 28 C. C. A. 354. A recital, however, showing that the documents before the governor issuing the warrant disclosed the *conviction* of the fugitive of a crime within the purview of the law would suffice.

When a prosecution is initiated and pursued to the judgment of conviction, the accused is "charged" within the meaning of the United States Constitution. The announcement to the contrary in Ex parte Lewis, 75 Texas Crim. Rep. 320, is deemed unsound. Upon this subject, the reasoning of Judge Ramsey and of the writers of the opinions cited in Bergman's case, 60 Texas Crim. Rep. 8, seems conclusive. Other cases in point are Ex parte Holt, 92 Texas Crim. Rep. 614; Ex parte Carroll, 86 Texas Crim. Rep. 301; Drinkall v. Spiegel, Sheriff, 36 L. R. A., 486. The idea that in authorizing the extradition of persons "charged" with crime, the Constitution of the United States excludes those who have been convicted of crime, does violence to the intent and leads to a construction of the language of the Constitution at war with its evident purpose. Hughes v. Pflanz, 71 C. C. A., 234, 138 Fed. Rep. 980; Ex parte Reggel, 114 U. S. 642; Roberts v. Reilly, 116 U. S. 80; Lau Ow Bew v. United States, 114 U. S. 340; L. Ed. 36, p. 47; Barranger v. Baum, 103 Ga. 475; 68 Am. St. Rep., 122.

In the present case, the governor's warrant alone is relied upon, and its recitals are determinative of its sufficiency. It recites that it has been made known to the governor that the relator "stands convicted before the proper authorities with the crime of forgery and stands committed to the penitentiary in the demanding state." We quote all that is found in the executive warrant upon the subject of authority:

"WHEREAS, it has been made known to me by the Governor of the State of New Mexico that John T. Martin stands convicted before the proper authorities with the crime of forgery, and who stands committed to the State Penitentiary in said State, etc."

"WHEREAS, said demand is accompanied by copy of said penitentiary commitment duly certified as authentic by the Governor of said State."

It must be noted that the only document to which reference is made in the governor's warrant as accompanying the demand or as evidence upon which the warrant is issued is a copy of the "commitment" authenticated by the governor of the demanding state. No reference is made to an indictment or affidavit, and the only evidence of conviction of crime seems to be that obtained from the certified copy of the commitment mentioned. Therefore, the question presented is the sufficiency of this recital.

In Webster's New International Dictionary, the signification ascribed to the word "commitment" is "a warrant for imprisonment; a mittimus." As defined in the same book, a "mittimus" is "a warrant of commitment to prison." In court decisions and law books, a commit-

ment is described as a warrant, process, or order issued by or upon the authority of a court, directing an executive officer to confine a person named in prison for a stated time or until the happening of some named event. See 8 Cyc. 336; 12 Cyc. 304; 19 Cyc. 651; also Million v. Allen, 86 S. W. 114, 187 Mo. 560; People v. Pitts, 97 N. Y. Supp. 509; Words & Phrases, 2nd Series, Vol. 1, p. 796; Com. v. Barker, 113 Mass. 399. It seems that a "commitment" is a process performing substantially the same office as that which in our own state is called a "capias", (see Webster's New International Dictionary), that is, the authority for holding in prison one convicted of crime. See C. C. P., Arts. 308, 309, 310, 311, also Arts. 871, 879, 880.

It is conceived that the commitment upon which the governor of this state acted in issuing the warrant in question may have contained, in an authentic maner, all the requisites of the law to show that the relator was under conviction of an extraditable crime in the demanding state. Conceding that the nature of the "commitment" was such as might have such effect, the presumption prevails in support of the warrant that it did so. If the "commitment" filed by the governor with the requisition was not in law sufficient to support the warrant, the burden under the law was upon the relator to introduce the papers in evidence. His complaint that he was prevented from exhibiting them in the trial court by the refusal to postpone cannot avail him for the reason that he has failed to bring before this court, by motion for new trial or by bill of exceptions, proof of the contents of the documents mentioned. In their absence, the presumption of regularity prevails.

The motion is overruled.

*Overruled.*