EX PARTE JOE T. DEGRAZIER.

No. 15940. Delivered March 22, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 139.

The opinion states the case.

*W. B. Harrell* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—A writ of habeas corpus was issued on the 15th day of June, 1931, directed to the sheriff of Dallas county commanding him to show by what authority he was

restraining relator. We find in the transcript a judgment entered "as of the 25th day of June, 1931," and which is as follows: "On this day came on to be heard the application for writ of habeas corpus in the above cause and the court, after hearing the said application and the answer thereto, and the evidence introduced and argument of counsel, is of the opinion that the said Joe T. DeGrazier should be remanded to the custody of John T. Carton, the duly and legally designated agent appointed and designated by the Governor of the State of Texas, in the executive warrant issued by the Governor of the State of Texas, on June 23, 1931, and introduced in evidence in this cause, the evidence showing the said Joe T. DeGrazier to be a fugitive from justice from the State of Illinois, and the Governor of the State of Illinois having duly and legally requested the extradition of the said Joe T. DeGrazier from the State of Texas to the State of Illinois. It is therefore ordered, adjudged and decreed that the relator, Joe T. DeGrazier be and he is hereby remanded to the custody of John T. Carton, duly and legally appointed and designated agent of the State of Illinois to receive the said Joe T. DeGrazier, to be conveyed by the said John T. Carton to the State of Illinois and there dealt with according to law."

The judgment then recites that relator excepted thereto and gave notice of appeal to this court. The judgment bears file mark of date March 6, 1933.

No statement of facts accompanies the record. There is nothing to show that the extradition order issued by the Governor of the state was irregular or unauthorized. In the absence of a showing to the contrary, the presumption is that the Governor acted properly in the premises, and that the trial court was justified in remanding relator. See Ex parte Haynes, 98 Texas Crim. Rep., 609, 267 S. W., 490, and cases therein cited.

In justice to this court, it ought to be said that while the action of the trial court was of date June 25, 1931, no record was filed in this court until March 9, 1933.

The judgment remanding relator is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The recitals of the judgment of the trial court, reproduced in the original opinion as they appear in the transcript, make clear the authority of the trial court to refuse to discharge the relator. See article 1005, found in title 14, Texas C. C. P., 1925. See, also, Ex parte Carroll,

86 Texas Crim. Rep., 301. The recitals in the judgment showing regularity are not controverted in any maner by any procedure before this court. The presumption of the validity of the Governor's warrant, under such circumstances, has been declared in a number of cases, many of 'which are collated in Texas Jur., vol. 19, p. 506, sec. 18.

The motion is overruled.

*Overruled.*