## EX PARTE R. R. CHITTENDEN.

No. 15961.   Delivered June 21, 1933.
Reported in 61 S. W. (2d) 1008.

The opinion states the case.

*K. L. Hjort* and *J. F. Hair*, both of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant appeals from the action of the district judge of Bexar County in refusing to discharge him upon the hearing of his application for a writ of habeas corpus.

He was held under the following executive warrant issued by the Governor of Texas: "Whereas, it has been made known to me by the Governor of the State of Iowa that Raymond R. Chittenden stands charged by *information* before the proper authorities, with the crime of embezzlement of Mortgage Property, committed in said State, and that the said defendant has taken refuge in the State of Texas, and whereas the Governor, in pursuance of the Constitution and Laws of the United States, has demanded that I cause the said fugitive to be arrested and delivered to Robert Waldburger who is, as is satisfactorily shown, duly authorized to receive him into custody and convey him back to said state, and whereas, said demand is accompanied by copy of said *information,* duly certified as authentic by the Governor of said State, etc."

The warrant was duly signed by R. S. Sterling, Governor, and countersigned by Jane Y. McCallum, secretary of state.

The warrant does not purport to have attached thereto or made a part thereof a copy of the charge pending against relator in the demanding state.

Upon the habeas corpus hearing, the state introduced the warrant heretofore set out, and also a copy of the following document, which, as we understand the record, was the charge upon which the Governor of Iowa based his requisition, and which accompanied his demand on the Governor of this State.

"State of Iowa, Webster County

"State of Iowa against R. R. Chittenden.

"Before
Paul E. McCarville, Esq.,
Justice of the Peace.

"The above named defendant is hereby accused of the crime of Embezzlement of Mortgaged Property.

"For that the defendant on or about the 12th day of November, 1932, at Wahkonsa, township in said county, being then and there the mortgagor of certain personal property, to-wit: forty-five head of cattle and the increase therefrom, said mortgage having been executed on or about the tenth day of December, 1931, and made by R. R. Chittenden, the said defendant, to the First State Bank and Trust Company for the sum of $1500, did wilfully, unlawfully and feloniously sell or in some manner dispose of said property while the mortgage thereon remained unsatisfied, without the written consent of the First State Bank & Trust Company, Fort Dodge, Iowa, and then holder of such mortgage and with intent to defraud the said First State Bank & Trust Company.

"Contrary to the statutes in such case made and provided.

"Wherefore, he prays that said R. R. Chittenden may be arrested and dealt with as provided by law.

"E. H. Moore, Asst. Cash.
First State Bank & Trust Co.

"Subscribed and sworn to by the said E. H. Moore, before me, this 22nd day of November, 1932.

"Paul E. McCarville,
"Justice of the Peace."

We do not discuss whether the document is a sufficient "affidavit" to comply with the requirement of the federal statutes that before an extradition warrant may issue from the governor of the asylum state there must be produced before him a "copy of an indictment found or an affidavit made before a magistrate," etc. in the demanding state charging the person demanding with an extraditable offense. In our opinion, the

disposition of the case turns upon another point. The action of the court in remanding relator to custody was resisted upon the ground stated in a motion for his discharge after the state had offered the two instruments already referred to, viz: "Because the Executive warrant issued by the Governor of Texas, hereto attached, is insufficient and defective, for the reason that it *affirmatively shows on its face that the demand for requisition was not supported by, nor the issuance of the said warrant based upon, an indictment found or an affidavit made,* charging said applicant with having committed a crime, but on the *contrary shows the said warrant is based upon an 'information' and an information is insufficient,* under the statutes of the United States and the State of Texas, to support a requisition or an Executive Warrant." (Italics ours.)

It has been the consistent holding of this court that, if the warrant issued by the Governor of this state is valid and sufficient on its face, the burden rests upon relator to show that it was in fact issued without proper authority. In Ex parte Ponzi, 106 Texas Crim. Rep., 58, 290 S. W., 170, many cases from our own court are cited which hold as indicated. We have the very reverse of that condition here. In other words, what is the effect of an extradition warrant, which upon its face recites that it was issued without proper authority, that is, upon a showing that relator was charged by *"information"* with the commission of a crime in the demanding state.

In Ex parte Holt, 92 Texas Crim. Rep., 614, 244 S. W., 1016, the warrant issued by the Governor of this state recited that Holt stood charged by "information" with a crime in the State of Oklahoma. The facts before the court also showed that the relator was being prosecuted upon an information filed by the county attorney, and not upon an affidavit or indictment. This court, in an opinion by Presiding Judge Morrow, said:

"The executive warrant in the instant case *purports on its face* to issue for one who is charged by information with an offense."

After citing cases from our own court, the opinion proceeds:

"Upon these authorities we are constrained to hold that the *extradition warrant* in question did not justify the refusal of the trial court to discharge the relator."

In Ex parte Haynes, 98 Texas Crim. Rep., 609, 267 S. W., 490, we said: "Relator complains that the warrant is insufficient in failing to show that the conviction in New Mexico was upon an affidavit or indictment. *If the warrant itself reveals*

*that it was based upon an insufficient demand,* or if upon the trial it be shown that the papers accompanying the demand are insufficient to authorize the extradition warrant, relator will not be held thereunder (Ex parte Holt, 92 Texas Crim. Rep., 614, 244 S. W., 1016), *but, if not defective on its face,* the authorities uniformly hold that in a habeas corpus trial the Governor's warrant makes a prima facie case for the respondent. (Ex parte Nix, 85 Texas Crim. Rep., 307, 212 S. W., 507; Ex parte Carroll, 86 Texas Crim. Rep., 301, 217 S. W., 382, 8 A. L. R., 901; Ex parte McDaniel, 76 Texas Crim. Rep., 184, 173 S. W., 1018; Ann. Cas., 1917B, 335; Ex parte White, 39 Texas Crim. Rep., 499, 46 S. W., 639)." (Italics ours.)

In Ex parte Hagan (Sup. Ct. of Mo.), 245 S. W., 336, the court was dealing with the exact question we have here. In Hagan's case the executive warrant recited that accused was charged in the demanding state by "an complaint warrant." The opinion was written by Judge Graves of the Supreme Court of Missouri, and shows extended investigation. It carries quotations from many text-books, and from opinions both state and federal. We quote from the opinion in Hagan's case: "* * * Returning to the first vital question; i. e., must the rendition warrant, upon its face, show facts that warranted its issuance under the federal statutes. * * * We are compelled to answer this question in the affirmative. The cases vibrate somewhat, but the general rule is clear enough. Compton v. Alabama, 214 U. S., 1, 29 Sup. Ct., 605, 53 L. Ed., 885, 16 Ann. Cas., 1098, rules that the Governor of the surrendering or asylum state, in interstate extradition, under the federal statute, has no right to issue a rendition warrant without having before him either an 'indictment' or 'an affidavit before a magistrate' charging a crime. In the early case of Ex parte Burford, 3 Cranch, 448, 2 L. Ed., 495, Marshall, Chief Justice, in speaking of a commitment warrant said: 'The question is, what authority has the jailor to detain him? To ascertain this, we must look to the warrant of commitment *only. It is that only which can justify his detention.* The warrant states no offense."

The opinion then quotes from Ex parte Doo Woon, 18 Fed., 899, an Oregon case, a part of which quotation follows: "And the (executive) warrant *must bear upon its face* the evidence that it was duly issued, and therefore, unless it recites or sets forth the indictment or affidavit upon which it is founded, *it is illegal and void.*

Judge Graves then proceeds with his opinion as follows: "In the case before us the rendition warrant not only fails to show that the Governor of Missouri had before him 'an indictment' or 'an affidavit made before some magistrate,' but it affirmatively declares what the Governor did have before him, a writing called 'an complaint warrant.' He had neither of the instruments mentioned in the federal statutes, and without an 'indictment' or 'an affidavit before some magistrate,' the Governor of Missouri was powerless to act. Compton v. Alabama, 214 U. S., 1, 29 Sup. Ct., 605, 53 L. Ed., 885, 16 Ann. Cas., 1098. *In other words, the language of the rendition warrant invalidates the warrant.*"

We find in the opinion the following quotation from R. C. L., vol. 11, p. 747: " 'If a case is shown to be within the provisions of the federal Constitution and the act of Congress on the subject, the Governor of a state has no discretion, but must issue his warrant of extradition. *The warrant must bear on its fact the evidence that it was duly issued,* and should set forth or recite the indictment or affidavit on which it is founded. It need not contain a formal statement of all the facts on which it issues; *it being sufficient if the jurisdictional facts are recited on its face.*"

Then follows a reference to the notes in book 1, L. R. A., p. 371, in reporting the case of State of Tenn. v. Jackson. The author cites a number of cases and states his conclusion in this language: "* * * *The warrant must bear upon its face the evidence that it was duly issued; and therefore, unless it recites or sets forth the indictment or affidavit upon which it is founded, it is illegal and void.* Ex parte Smith, 3 McLean, 121; Ex parte Thornton, 9 Texas, 635; Re Doo Woon, 18 Fed. Rep., 899." (Italics ours.)

The opinion in Hagan's case concludes as follows: "In this particular case *the rendition warrant is required to recite such facts as will show that the Governor had the right to issue the warrants. Absent such recitals the warrant is void, and extraneous facts cannot cure the defects.*" (Italics ours.)

In the present case the recital in the warrant that relator stood charged by "information" in the demanding state invalidates the warrant.

The judgment of the trial court remanding relator is reversed and relator is ordered discharged.

*Reversed and relator ordered discharged.*