EX PARTE JAMES DUANE SMITH.

No. 24949. October 11, 1950.

*Allen & Street,* Dallas, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Relator was charged with the offense of burglary at night-time and theft in the State of Idaho.

He was held in Dallas, Texas, by virtue of a warrant of arrest issued by the Governor of this state upon the request of the Governor of Idaho, remanding this relator to the custody of an agent of the State of Idaho, to be there returned to answer for such offense.

The burden of showing that relator was not in said State of Idaho at the time of the alleged commission of such offense and therefore not a fugitive therefrom was upon the relator. See Ex parte Hogue, 112 Tex. Cr. R. 495, 17 S.W. (2d) 1047, and many cases cited.

There is no showing in the record regarding the absence of relator in the demanding state at the time alleged in the affidavit relative to the offenses. In the absence of such proof, we hold that the warrant of the Governor of Texas shows the relator to be a fugitive from the State of Idaho.

In the late case of Ex parte Noble, 151 Texas Crim. Rep. 1, 198 S.W. (2d) 893, we held that:

"It appears now to be well established that in an extradition proceeding the executive warrant of the Governor of the asylum State is prima facie evidence of the existence of every fact which that executive was obliged to determine before issuing it. See Ex parte Nix, 85 Tex. Cr. R. 307, 212 S.W. 508; Ex parte Carroll, 86 Tex. Cr. R. 301, 217 S.W. 382, 8 A.L.R. 901; Hyatt v. New York, 188 U.S. 691, 23 S. Ct. 456, 47 L. Ed. 657; Roberts v. Reilly, 116 U.S. 80, 6 S. Ct. 291, 29 L. Ed. 544; 22 Am. Jur., p. 290, Sec. 52, p. 289, Sec. 51, Note 10."

There are several bills of exception found in the record upon which it is not necessary to write since it is presumed that the Governor's action, in the absence of a contrary showing, is correct and that he has legally performed his duty. See Ex parte Gordon, 118 Tex. Cr. R. 150, 37 S.W. (2d) 1023; Ex parte Wells, 108 Tex. Cr. R. 57, 298 S.W. 904; Ex parte Haynes, 98 Tex. Cr. R. 609, 267 S.W. 490; Ex parte Roselle, 87 Tex. Cr. R. 267, 222 S.W. 248; Ex parte Carroll, 86 Tex. Cr. R. 301, 217 S.W. 382; Ex parte Bergman, 60 Tex. Cr. R. 8, 130 S.W. 174.

The judgment will therefore be affirmed.