## EX PARTE JOHNNIE LEE WILLIAMS

No. 31,437. March 16, 1960

*Wardlaw, Cochran & Brown,* by *A. L. Wardlaw,* Fort Worth, for relator.

*Doug Crouch,* Criminal District Attorney, *Albert F. Fick, Jr.* Assistant Criminal District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge

The appeal is from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition.

The warrant issued by the Governor of Texas was offered in evidence, and made a prima facie case for appellant's extradition to Ohio to answer a charge of robbery, the offense having been committed about 9:30 P.M. on March 30, 1959, in the city of Canton. Ex parte Emmons, 166 Tex. Cr. Rep. 544, 322 S.W. 2d 534; Ex parte McDaniel, 76 Tex. Cr. R. 184, 173 S.W. 1018.

The requisition of the Governor of Ohio was not offered in evidence at the habeas corpus hearing, nor were any of the supporting papers. This court cannot assume that such papers would reveal any facts which would enable appellant to resist extradition. Ex parte Haynes, 98 Tex. Cr. R. 609, 267 S.W. 490.

In the absence of evidence to the contrary, the presumption is that the action of the Governor of Texas in issuing his executive warrant was upon a proper and legal requisition of the Governor of the demanding state. Ex parte Berry, 139 Tex. Cr. R. 67, 138 S.W. 2d 813; Ex parte Anderson, 156 Tex. Cr. R. 417, 243 S.W. 2d 169.

The issue of whether the person sought to be extradited was in the demanding state at the time of the offense may be raised in a habeas corpus proceeding. The burden of showing that he was not in the demanding state at the time of the offense, and hence not a fugitive from justice, is on the relator. Ex parte Smith, 155 Tex. Cr. R. 168, 232 S.W. 2d 992; Ex parte Quale, 164 Tex. Cr. Rep. 313, 298 S.W. 2d 174; Ex parte Shirley, 164 Tex. Cr. R. 447, 229 S.W. 2d 701; Ex parte Hoover, 164 Tex. Cr. R. 251, 298 S.W. 2d 579.

The like issue that the relator is not in fact the person charged in the demanding state may also be raised, the relator having the burden of overcoming the prima facie case made by the introduction of the executive warrant for his removal. Ex parte Kaufman 168 Tex. Cr. Rep. 55, 323 S.W. 2d 43, and cases cited.

No question is here presented as to the appellant being the person named in the Executive Warrant of the Governor of Texas.

To overcome the prima facie case made by the Extradition Warrant and to discharge the burden resting upon him, appellant offered evidence to the effect that he was in Waxahachie, Texas, on March 30, 1959, and in court at Ft. Worth the following morning about 8:30 A.M., Ft. Worth being some 1200 miles from Canton, Ohio.

To meet this evidence, the respondent offered the testimony of a city detective of the city of Canton, Ohio, who had investigated the case. He testified that two witnesses to the robbery had identified appellant's photograph as that of one of the robbers, and that one Raif, who was in the penitentiary in Oklahoma, had made a written statement that Johnnie Lee Williams was his companion in the robbery.

This testimony appears to be hearsay and without probative value.

The only other evidence offered by the state was the testimony of the officer who arrested appellant on the executive warrant, in July 1959, to the effect that while under arrest, appellant said he had been in Ohio and was with a couple of fellows who had gotten in trouble and he had come back to his home in Texas. The officer testified that he did not know what period of time appellant was referring to.

There was nothing in appellant's statement suggesting a night flight beginning after 9:30 P.M. in Canton, Ohio and terminating before 8:30 A.M. in Ft. Worth.

We need not base our holding upon the fact that appellant's oral statement made while under arrest was admitted over proper objection. If it was admissible, the evidence was insufficient to overcome the evidence offered in appellant's behalf that he was not in Ohio when the robbery was committed and hence was not a fugitive from that state.

The judgment remanding appellant is reversed and he is ordered discharged.