**Ex parte L. E. COLE.**

**No. 39820.**

Court of Criminal Appeals of Texas.

Nov. 9, 1966.

———◆———

Jack A. Scruggs, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ray Moses, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to Oklahoma.

The state introduced in evidence the Executive Warrant of the Governor of Texas; the Requisition of the Governor of Oklahoma; the application of the County Attorney of Texas County, Oklahoma for such Requisition; the affidavit of W. F. Rippetoe, President of Colonial Investment Corporation, a Texas corporation, made at the request of the Sheriff and County Attorney of Texas County, Oklahoma, dated February 10, 1966 and the information signed by said County Attorney and sworn to by W. F. Rippetoe on January 13, 1966.

The state also introduced a copy of the statute of Oklahoma which provides that every felony must be prosecuted by indictment or information in the district or superior court, and of the Oklahoma Statute which provides:

"Any person having any motor vehicle, trailer, appliance, equipment, or tool in his possession or under his control by virtue of a lease or rental agreement who willfully and fraudulently fails to return said motor vehicle, trailer, appliance, equipment, or tool within ten (10) days after the lease or rental agreement has expired, or who fraudulently secretes or appropriates said property to any use or purpose not within the due and lawful execution of his lease or rental agreement shall be guilty of embezzlement."

The information upon which the Governor of Oklahoma issued his Requisition alleged that L. E. Cole, in Texas County, Oklahoma, on or about the 4th day of September, 1965, did commit the crime of Embezzlement in the following manner and form:

"That the said defendant made and executed a rental agreement with Colonial Investment Corporation, a corporation, whereby said defendant was given possession of the following described property, to-wit: a 1965 white Catalina Pontiac motor vehicle, I.D. #252695 R 10347, bearing 1965 Texas license #BWK 792, belonging to the said Colonial Investment Corporation, and of the value of $3600.00, and which said defendant agreed to return to said Colonial Investment Corporation upon the expiration of said rental agreement, which terminated on the 20th day of August, 1965, that said defendant, after gaining possession of the said motor vehicle as aforesaid, did unlawfully, wilfully, wrongfully, fraudulently and feloniously embezzle said motor vehicle and fail to return the same within ten days after the expiration of said rental agreement."

The state relied upon the prima facie case made by the Extradition Warrant, Requisition and supporting documents, and offered no witnesses.

To overcome the prima facie case which the state made, the appellant testified in his own behalf; had three witnesses testify for him and introduced numerous receipts indicating his presence in various parts of the United States other than Oklahoma from June through December of 1965.

Appellant testified that the lease agreement for the automobile which is alleged to have been embezzled was executed by him in Lubbock, Texas on December 18,

**109**

1964. At that time his permanent place of residence was Dallas, Texas, and he gave his address as Texhoma, Oklahoma because he was working for a company whose offices were in Texhoma, Texas; when he visited the company offices he stayed in a motel that was located in the Oklahoma section of that town, and the United States Post Office was also in that section of the town. He testified that he left Texhoma on June 2, 1965, and had not been in Oklahoma since that time.

Paul Durham testified that he and Cole were together from July 15, 1965, and had left for North Carolina on July 16, 1965. He stated that they were together day and night until about September 2 or 3, 1965. During this time they were never in Oklahoma. He also contacted the appellant several times a week after the first part of September until October 15, 1965, and contacted him at least every ten days until January 1, 1966.

Jim Lusk testified that he was in contact with Cole by telephone several times a week after July 15, 1965, and stated that Cole was in North Carolina until September 10, 1965.

Thomas McArver lived in a nearby town in North Carolina, and testified that he saw Cole (the appellant) frequently between July 17 and September of 1965.

Mr. Rippetoe stated in his affidavit dated February 10, 1966: "That on the 20th day of August, 1965, the lease agreement was terminated under the terms of such lease, and notice as provided by said lease was given L. E. Cole, who was residing and working in Texhoma, Texas County, Oklahoma."

If the offense alleged in the information was committed in the State of Oklahoma, the time of its commission was necessarily subsequent to the expiration of 10 days after August 20, 1965, and prior to January 13, 1966, when the information was filed.

The evidence introduced in behalf of appellant was sufficient to rebut and over-come the prima facie case made by the introduction of the Executive Warrant and supporting papers, and to show that appellant was not in the State of Oklahoma at the time the offense, if any, was committed. Ex parte Williams, 169 Tex.Cr.R. 192, 333 S.W.2d 146.

The order remanding appellant to custody is reversed and appellant is ordered discharged.