**Ex parte Phillip J. MANZELLA.**

**No. 42677.**

Court of Criminal Appeals of Texas.

March 18, 1970.

Rehearing Denied May 6, 1970.

———◆———

Percy Foreman, Houston, Hardy & Sharpe, by Thomas G. Sharpe, Jr., Brownsville, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 107th District Court of Cameron County remanding appellant to custody for extradition to the State of Illinois. This matter was previously before the court in 443 S.W.2d 260.

At the hearing the State introduced the Executive Warrant of the Governor of Texas, regular on its face, authorizing the arrest and return of the appellant to the State of Illinois to answer an indictment charging the offense of murder. In addition the Requisition of the Governor of Illinois, the indictment and other supporting papers were introduced and two Illinois police officers were called as witnesses.

Appellant's only witness was FBI Agent Clay Zachry, Jr. who related that in December, 1968, he had taken custody of the appellant from officers of the Republic of Mexico at the office of the American Immigration Service in Brownsville, Texas.

Appellant first contends that the trial court erred in holding the Executive Warrant of the Texas Governor and the Requisition of the Illinois Governor met the re-

quirements of Article 51.13, Vernon's Ann.C.C.P., the Uniform Extradition Act. He contends that this is so because no written evidence was introduced to show that appellant was in the demanding state at the time of the alleged offense.

It is well established that, if regular upon its face, the introduction of the Governor's Warrant makes out a prima facie case authorizing extradition. Ex parte Juarez, Tex.Cr.App., 410 S.W.2d 444; Ex parte Kronhaus, Tex.Cr.App., 410 S.W.2d 442. Once the Governor's Warrant establishing a prima facie case authorizing extradition is placed in evidence, the burden shifts to the relator to overcome the prima facie proof of the existence of every fact which the Texas Governor was obliged to determine before issuing the extradition warrant. Ex parte Fant, Tex.Cr.App., 400 S.W.2d 332; Ex parte Kronhaus, supra.

"Thus, the introduction of the warrant in evidence raises the presumptions, in accordance with its recitals, that the governor in issuing it acted only on a proper, legal, and sufficient requisition by the executive authority of the demanding state; that the accused is the person named in that requisition and charged with an extraditable offense under the law of the demanding state; *that the accused was in the demanding state at the time of the commission of the offense charged, and is a fugitive from justice of that state,* and of the inclusive proposition that the accused is legally held in custody for extradition to the demanding state." 25 Tex.Jur.2d., Extradition, Sec. 31, p. 182 and cases there cited. (emphasis supplied)

In Ex parte Williams, 169 Tex.Cr.R. 192, 333 S.W.2d 146, 148, it was said:

"The issue of whether the person sought to be extradited was in the demanding state at the time of the offense may be raised in a habeas corpus proceeding. The burden of showing that he was not in the demanding state at the time of the offense, and hence not a fugitive from justice, is on the relator. Ex parte Smith, 155 Tex.Cr.R. 168, 232 S.W.2d 992; Ex parte Quale, [164 Tex.Cr.R. 313], 298 S.W.2d 174; Ex parte Shirley, 164 Tex.Cr.R. 447, 299 S.W.2d 701; Ex parte Hoover, 164 Tex.Cr.R. 251, 298 S.W.2d 579."

The appellant offered no evidence to the effect that he was not in Illinois at the time of the alleged offense.

While the State was not bound to introduce the Requisition and supporting papers, Ex parte Kronhaus, supra, it did so. There is nothing in such supporting papers which would defeat the prima facie case. Appellant apparently seeks to rely upon the testimony of one of the officers that he was unable to locate the appellant in the State of Illinois the day after the alleged offense, but he also testified his investigation revealed he (the relator) had been there the day before. Nothing in this testimony served to overcome the prima facie case made by the State. The fact that additional Illinois indictments against the appellant were among the supporting papers offered did not render such papers defective.

Ground of error #1 is overruled.

If we understand appellant's second ground of error it is that the warrant of arrest issued after the return of the indictment did not state probable cause. We know of no requirement that the warrant itself must state probable cause. It was based upon the indictment and it is presumed that the grand jury found probable cause. See Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503. Further, under the provisions of Article 51.13, Sec. 3, supra, when extradition is sought on the basis of "an indictment found" there is no requirement that a warrant issued thereupon accompany such indictment as there is when extradition is sought "by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon." See

People ex rel. Lipshitz v. Bessenger, 273 App.Div. 19, 75 N.Y.S.2d 392.

Lastly, appellant complains that he was illegally brought into Texas from Mexico and not in accordance with the Extradition Treaty between the United States and the Republic of Mexico. He relies upon the testimony of FBI Agent Zachry that the appellant was brought across the border by Mexican immigration authorities. It appears that Ex parte Wilson, 63 Tex.Cr. 281, 140 S.W. 98, 36 L.R.A.,N.S., 243, is directly contrary to appellant's contention. See also Ex parte Ponzi, 106 Tex.Cr.R. 58, 290 S.W. 170. The fact that appellant was legally or illegally brought into the asylum state does not prevent extradition to a sister state where he is a fugitive from justice.

The judgment is affirmed.